Radcliff, J.,
now delivered their opinion. This is a case on certiorari to a justice’s court. The error assigned *257 is, that the plaintiff below sued in the capacity of administrator, and that the justice had no jurisdiction to try any action in which an administrator is a party. The question was submitted by consent without argument.
In the case of Wells v. Newkerk, Executor of Persen, this point was decided against the jurisdiction of the justice. We considered the act from which he derived his authority as applicable only to cases in which the parties appeared in their own right, and not to those in which they appeared in outer droit. It is unnecessary to repeat all the grounds of that opinion.
Since that decision, (which was made in January, 1800,) the legislature, when passing the revised act concerning justices’ courts, added a section by which, in conformity to the principle of that decision, they denied the jurisdiction of the justice in suits against an executor or administrator, but were silent as to suits in their favor. From this it might be supposed the legislature meant that suits in their favor might be sustained before a justice. But no such authority can be admitted by inference or implication, and the act ought not to be construed to introduce a different rule.
The decision in Wells v. Newkerk(a) is not, therefore, affected by this act, and the rule continues that the justice has no jurisdiction. For this cause, we are of opinion that the judgment be reversed.
Judgment of reversal.(b)

 Since reported, 1 Johns. Cases, 228.

 By the act for the more speedy recovery of debts to the value of 25 dollars, passed 11th April, 1808. seas. 30, c. 204, s 1, Laws of N. Y., vol.V. p. 315, in actions by executors and administrators jurisdiction is given to the justice’s court.