ALBANY,
August, 1812.

MATTER OF
WATKINS.

</div>

<div align="center">

Judgment reversed.

</div>

---

<div align="center">

IN THE MATTER OF MARTHA WATKINS, WIDOW, &c.

</div>

APPLICATION was made by *Samuel Watkins,* the son and
heir of *Samuel Watkins,* deceased, pursuant to the 10th section
of the act of the 7th *April,* 1806, (sess. 29. c. 168.) for relief
against the assignment of dower of *Martha Watkins,* the widow of
*S. Watkins,* deceased.

The affidavit of the surrogate stated, that the widow applied to
him for the assignment of her dower, on which he directed a cita-
tion to show cause on a day certain, which was duly served on *S.*
*W.* the heir, who on the day appeared with his attorney; and
the hearing was postponed, by consent, to another day certain; at
which day no cause was shown; and he thereupon appointed three
freeholders to be admeasurers of dower.

The report of the admeasurers stated, that they had set off to
the widow, the *land* by metes and bounds, out of 140 acres, and
the common use of the entry and stairs of the dwelling-house,
above and below stairs, and the right of partitioning off part of the
cellar, for her separate use, the privilege of using the well, room
for a cow yard, and the separate use of the horse shed.

The affidavit of *S. W.,* the heir, stated that he was not present
at the admeasurement, and had no notice of the admeasurers' pro-
ceeding to make it; that more than *one third* of the estate, in value,
have any thing to do with the business, that was held a sufficient notice, in the first
a waiver of all further notice.

<div align="right">

The *admea-*
*surers of dow-*
*er* appointed
under the act
(sess. 29. ch.
168.) are not
to do execu-
tion, but are
like commis-
sioners, to set
off one third
in value of the
estates, so as
to prevent all
difficulty, or
contention,
between the
widow, and
heir or tenant,
as to the just
extent or as-
certainment
of dower; and
it seems, that
*notice* of the
time of ad-
measurement
is not requi-
site, but where
the admeasur-
ers met at the
house of the
heir and re-
quested him
to show the
premises, and
he refused to
instance, and

</div>

had been set off, and the best part of the dwelling-house, with three rooms and fireplaces, leaving only one room and fireplace to the heir; that 16 acres of land adjoining to the road, were set off to the widow, and no way left from the remaining land to the road; that by the will of the deceased, there was given to the widow the front room of the dwelling-house, front chamber, kitchen and cellar, and stable room for a horse, and that the widow was aged 60 years.

The affidavit of the commissioners stated, that they met at the house of S. W., the heir, in the summer of 1811, and requested him to attend and show the premises, and he said that he should have nothing to do with it, and wholly declined having any concern in the proceedings; that in setting off the 16 acres south of the road, the commissioners left a passage, or way, two or three rods wide, in order to give to S. W., the heir, a free passage from his land to the road.

*Per Curiam.* The proceedings before the surrogate, under the act of the 29th session, c. 168. are founded on the assumption that the widow is entitled to her dower out of the estate in question, and that it is only to be designated and set off. There is no provision for trying, before the surrogate, the title to dower; and the admeasurement to be made, in pursuance of his order, cannot affect or prejudice the right to dower, or the legal or equitable bar to it. Those rights, if litigated, remain open for investigation in the ordinary course of justice. In reviewing the proceedings had under the surrogate's order, we are, then, only to consider whether they have been fair and equitable. The admeasurers are not to do execution, as the sheriff does, on a writ of *habere facias seisinam.* They are in the nature of commissioners, to set off the one third in value of the estate, so as to prevent all difficulty and contention between the widow and the heir or tenant, as to the just extent or ascertainment of her dower. But if the right to dower be denied, the party may protect his possession, notwithstanding the admeasurement, and drive her to her action at law. We have, therefore, nothing to do in this case with the question, whether the widow's acceptance of the provision under the will, formed a legal or equitable bar of her dower, though the court do not mean to intimate that they see any thing in the will to furnish ground for such an objection.

There are but two objections to the proceedings; 1. The want of notice; 2. The inequality and injustice of the admeasurement.

1. The allegation of the want of notice is completely and fully denied. The complainant was, in the first instance, cited before the surrogate, to show cause, and he appeared; and on the day to which the hearing was afterwards adjourned, by consent, he did not appear, and the admeasurers were appointed. He had likewise notice to attend the survey, and setting off the dower; for the commissioners met at his house for the purpose, and he expressly refused to show them the premises, or have any thing to do in the business. If notice of the admeasurement was requisite, here was sufficient notice, in the first instance, and a waiver of the necessity of any further notice. But the court do not mean to say, that notice by the admeasurers, of the time of admeasurement, was requisite. It is not required on the execution of an *elegit*, (*Tidd's Prac. K. B.* 950.) and that is a proceeding more solemn, and very analogous to this.

2. On the merits of the admeasurement, there is not sufficient cause shown for the court to interfere. The objection to the want of a way across the 16 acres to the road, is not true in fact; for it appears, by the affidavit of one of the commissioners, that a sufficient passage was laid out, for the express purpose of enabling the complainant to communicate with the road. And as to the main charge, that more than one third in value of the land is laid out, it rests in the mere assertion of the complainant, without facts from which the court can deduce the conclusion. A reasonable confidence must be reposed in the admeasurement, and in the discretion and intelligence of the commissioners; nor can the court say, that the dower assigned in the buildings is unequal, for the widow had an interest in them under the will, and independent of the right of dower. As far as the court can judge from the return, the admeasurement is just and convenient.

Motion denied.(*a*)

(*a*) See *Rathbun v. Miller*, (6 *Johns. Rep.* 281.)