ALBANY,
Feb. 1826.

Jackson
v.
Waltermire.

JACKSON, *ex dem.* SITZER, *against* WALTERMIRE.

EJECTMENT for dower admeasured and set off to the lessor of the plaintiff pursuant to the statute, &c., (1 R. L. 60,) by the Court of Common Pleas of the county of Columbia; tried at the circuit in that county in 1824, before DUER, C. Judge.

The plaintiff, after giving in evidence, the proceedings of the Court of Common Pleas, admeasurers, &c., by which dower was set off to her, as the widow of Frederick Sitzer, of a farm situated in Ghent, Columbia county, in the occupation of the defendant; and after proving her intermarriage with, and the death of her husband, gave in evidence a notice served on the defendant's attorney to produce, on the trial, a deed from Peter Lawrence to Frederick Sitzer, given thirty years ago, or thereabouts; a deed from Sitzer to Abner Wilcox, given a few years thereafter; a deed from Wilcox to Isaac Wright, given a short time after the last mentioned deed; a deed from Wright to Jacob Residorph, given a few years after the last mentioned deed; a deed from Residorph to Benjamin Traver, given a few years after the last mentioned deed; and a deed from Traver to the defendant, given a few years after the date of the last mentioned deed; all given for and including the farm in possession of the defendant.

The defendant declining to produce the deeds, or any of them upon this notice, the plaintiff proved by parol, that Sitzer, the husband, purchased of one Lawrence, who had resided on the farm 4 or 5 years; and paid him some money; that Sitzer sold the farm to Abner Wilcox, who succeeded Sitzer in possession; that John Youngs and Isaac Wright lived upon the farm a short time under Wilcox, and

The proceedings to set off or assign dower by the court of common pleas under the act, (1 R. L. 60,) are merely evidence of the location of the land to be recovered. All the other facts, as seisin of the husband &c., must be proved in the ordinary way, as in an action of dower.

The same evidence of seisin which would entitle the heir to recover in ejectment, will sustain an action for dower.

Actual possession of the husband, or his receipt of rent, is, *prima facie* evidence of seisin, in an action for dower.

Where it appeared, by parol, that the husband bought a farm, paying something towards it, taking possession, and selling to another, who

succeeded him in the possession; and so through several tenants down to the defendant, who was in possession; *held*, that this was, *prima facie*, evidence of the husband's seisin; and suffient to entitle his widow to recover dower; though no deeds were shown.

as his tenants; that Wilcox sold the farm to Jacob Residorph, who succeeded to the possession of Wilcox, Youngs and Wright; that Residorph sold to Benjamin Traver, who succeeded to the possession of Residorph. That Wilcox had often declared, while in possession, that he had bought the farm of Sitzer. That Youngs and Wright, while in possession, declared that they held under Wilcox; that Residorph, while in possession, declared that he bought of Wilcox; and Traver that he bought of Residorph; that the defendant bought of, and succeeded to the possession of Traver.

The defendant moved for a nonsuit, on the ground that the evidence of seisin of the husband was insufficient; and the judge granted the motion.

*A Vanderpoel*, for the plaintiff, now moved to set aside the nonsuit, and for a new trial. He said, the seisin proved, was sufficient to entitle the plaintiff to recover. We proved the possession of the husband in his own right, and payment by him of the consideration money. . This is, *prima facie* evidence of seisin. It is not necessary for the widow to introduce the title deeds of the husband. The law presumes it not in her power to produce them. (*Bancroft* v. *White*, 1 Caines, 190.) The defendant holds under a title derived from the husband. This, of itself, is *prima facie* evidence of the husband's seisin. (id. *Embree* v. *Ellis*, 2 John. Rep. 119. *Andrews' lessee* v. *Fleming*, 2 Dall. 93. *Bassler* v. *Niesly and others*, 2 Serg. & Rawle's Rep. 352.)

But we produce the ordinary proof of seisin. This is by establishing an actual possession. (Jac. Law Dict. Seisin. Co. Litt. 152.) Dower follows such a seisin. (2 Bl. Com. 134.) If a seisin in fee is alleged, it shall be intended a lawful seisin, till the contrary appear. (*Meriton* v. *Benn*, Lutw. 1337, 1343.)

The widow is dowable of all lands which may descend to the heir. (2 Bl. Com. 134.) Is there a doubt that the heir of the husband might have recovered upon this proof, if the land had not been conveyed? In such a case, clearly, a mere possession is presumptive evidence of seisin. (2 Phil. Ev. 187.) In ejectment, a possession, though short of twenty years is enough to entitle the plaintiff to recover. (*Jack-*

*son* v. *Murray*, 2 John. Rep. 22.   *Teller* v. *Lorillard*, 10 id. 338.) Though ejectment be a possessory action, yet the proof is the same in real actions involving the mere right. (*Nase* v. *Peck*, 3 John. Cas. 128.)

*D. B. Tallmadge* and *E. Williams*, contra, contended that the proof of seisin was insufficient.   The cases cited are of ejectment ; a mere possessory action, so far as they relate to the proof of possession.   Those relating to the claim of the tenant under the husband, are where the claim was by deed.   Nothing of this kind is shown here.   We have a mere transfer of possession from one to another, accompanied with parol declarations.   These are admissible no farther than they relate to the tenancy or possession ; not for the purpose of showing title, which is essential to constitute a seisin as contra-distinguished from a mere possession.

*Curia,* per SAVAGE, Ch. J.   It is urged, and I think correctly, that the same evidence of seisin should entitle the widow to recover her dower, as would be sufficient to authorize a recovery by the heir.   In such case, "the seisin of the deceased is proved by showing his actual possession of the premises ; or by proving his receipt of rent from the person in possession.   This is presumptive evidence of a seisin in fee ; and sufficient, until the contrary appears." (2 Ph. Ev. 187.)   The rule laid down by Kent, Justice, in *Bancroft* v. *White*, (1 Caines, 190,) is this : " The former husband of the demandant, for some years previous to tne 1st of November, 1786, was possessed of the premises, and used them as his own, and not in the right of another. He then, for a valuable consideration, conveyed the same in fee with a covenant of warranty ; and the lands have passed by subsequent conveyances in fee to the present tenant.   This is sufficient evidence in the first instance, of seisin in the husband.   The wife is not bound to produce her husband's deeds ; because it is not presumed to be in her power ; and, in the present case, the tenant claims in fee under title derived from the husband.   The marriage and death of the husband being proved, there is no question in the case."   In *Embree* v. *Ellis*, (2 John. 123,)

Thompson, Justice, says, " The principal question in this case is, whether a sufficient seisin in the demandant's husband has been shown, to entitle her to dower. Lewis Morris, the son, had been possessed of the premises in question by receiving the rents and profits thereof for ten years. He then conveyed them in fee to the demandant's husband, who continued in possession for ten or twelve years, until they were sold under an execution against him ; and purchased by Lewis Morris, the son. These facts were clearly sufficient, *prima facie*, to entitle the demandant to a recovery."

The same evidence of title is required in this case, as if there had been no proceedings before the court of common pleas. They merely locate the premises ; but determine nothing as to the right. (Matter of Watkins, 9 John. 245. *Jackson* v. *Hixon*, 17 id. 123. *Jackson* v. *Randall*, 5 Cowen, 168.)

In this case, it appears that between thirty and forty years ago, the husband bought the farm, and paid something towards it. He sold to Wilcox ; and from him it passed through the hands of Residorph and Traver, to the defendant, who purchased from Traver, and is now in pos session under that title. The possession accompanied every conveyance. No deeds are shown ; though notice was given to produce them. And no objection was made to the parol testimony of the above facts.

In my opinion, this was *prima facie* enough. The nonsuit must be set aside, and a new trial granted.

Rule accordingly.