## OTIS *vs.* PARSHLEY.

Where the husband during coverture had a mere reversion, expectant on the determination of a life estate—*Held*, that the widow had no claim of dower.

Where the husband of the demandant, having a reversion in expectancy, joined with the owner of the immediate estate in a conveyance to the tenant in fee, with covenants of warranty, under which conveyance the tenant entered into possession of the premises—*Held*, that the tenant was not estopped by such deed and possession from showing the true title of the husband, and that under it the widow had no claim of dower.

WRIT OF DOWER, wherein the plaintiff, as the widow of Stephen Otis, claimed dower in fifty-five acres of land, situate in Strafford, in the county of Strafford. The plaintiff's writ was dated December 29, 1837.

On the trial, it appeared that the plaintiff was legally married to Stephen Otis prior to June, 1785, and lived with him as his wife until his death, in 1833—that her husband, Otis, being in possession of the premises described in the plaintiff's writ, conveyed the same to one Joseph Peirce, by a mortgage deed, with covenants of warranty, dated May 13, 1809, to secure the payment of a note of the same date for $117·39, and interest. Afterwards, on the 15th day of July, 1812, he mortgaged the same premises to the said Peirce, by a like deed, to secure the payment of a note of the same date, for $273, Otis being still in the possession of the premises. After the death of Peirce, the condition of both of the mortgages having been broken, Mark W. Peirce, administrator of said Joseph Peirce, instituted suits on both of the mortgages against Otis, for possession of the premises, and at the August term of the court of common pleas, in 1815, recovered conditional judgments upon mortgage in each of the actions ; and the condition of the judgments not having been performed, Mark W. Peirce, on the 24th day of October, 1815, sued out writs of possession on said judgments, which were duly executed by an officer, by putting the said Mark W. Peirce into possession of the premises, on the 20th of November, 1815, and were afterwards duly returned.

On the 28th day of January, 1817, Mark W. Peirce and Joshua Peirce, the sole heirs of Joseph Peirce, conveyed the premises by quitclaim deed to Samuel Hale, and Hale, on the 11th day of April, 1821, conveyed by quitclaim deed the premises to the defendant.

It further appeared, that the plaintiff duly demanded of the defendant her dower in the premises, on the 25th day of February, 1836.

The defendant offered the following evidence in answer to the action, and to disprove the seizin of Stephen Otis in the premises, viz.: That Joshua Otis, being then in the possession of the premises, and owning the same in fee, on the 11th day of June, 1785, in consideration of his love and

Otis *v.* Parshley.

affection to his son, Stephen Otis, executed and delivered a deed, granting, conveying and confirming the premises in which dower is demanded, to said Stephen, after his father's and mother's decease; to have and to hold the same to him, the said Stephen, his heirs and assigns, to be by him freely possessed and enjoyed, after their decease—That the said Joshua and Stephen, from the date of this deed to the death of Joshua, in 1800, both lived and worked together on the premises; and that on the 28th day of November, 1796, Joshua and Stephen Otis conveyed the premises in fee and in mortgage to Joseph Peirce, by their joint mortgage deed of warranty, in common form, to secure the payment of a note of even date with the mortgage; and that the condition of the last mentioned mortgage having been broken, Mark W. Peirce, after the death of the said Joshua, to wit., at the same time he recovered judgment on the two first mentioned mortgages, recovered the conditional judgment, as administrator aforesaid, against Stephen Otis, for possession of the premises on said mortgage, and afterwards, to wit., on the 24th day of October, 1815, sued out his writ of possession of the premises, and was duly put in possession thereof by an officer, under the writ, at the same time he was put into possession thereof under the other writs of possession.

To the admission of this evidence the plaintiff objected; but the court admitted it, subject to further consideration. It was agreed that this case be transferred, and that the court render such a judgment as should be deemed proper, upon the foregoing statement; and that if judgment should be rendered for the plaintiff, damages from the time of the demand of dower to the judgment should be assessed by the court.

*Tebbets*, for the defendant, contended, 1. That the husband of the demandant never was seized of such an estate in the premises as to entitle the demandant to dower—that the only title the husband had was by virtue of the deed,

Joshua Otis to Stephen Otis, which can only operate as a covenant by Joshua to stand seized of the premises to his own use during his life, and to the use of the husband after the death of the grantor. 3 *N. H. Rep.* 432, *Shed* vs. *Shed;* 5 *Greenl.* 232, *Emery* vs. *Chase;* and as this interest was conveyed during coverture, the wife cannot be endowed. 2 *Serg. & Rawle* 554, *Shoemaker* vs. *Walker.*

2. That the evidence offered to show these facts, is admissible. Notwithstanding the husband of the demandant joined in the deed to the tenant, the tenant is not estopped from showing the true nature of the title attempted to be passed by him in the deed. 5 *N. H. Rep.* 479, *Moore* vs. *Esty.*

*Christie*, for the plaintiff, contended that the grantor of the defendant, having taken from the late husband of the plaintiff, then in possession, a deed, with covenants of seizin and warranty of the premises in which dower is demanded, and the grantor having entered on the premises under such deed, the defendant, who holds under him as privy in estate, is estopped, or rather is not at liberty to controvert or deny the seizin of the demandant's husband, with a view to avoid any of the consequences of such seizin. 6 *Greenl.* 243, *Nason* vs. *Allen;* 1 *Fairf.* 383, *Haines* vs. *Gardner;* 2 *Greenl.* 227, *Kimball* vs. *Kimball;* 1 *Caines' R.* 185, *Bancroft* vs. *White;* 6 *Johns.* 294, *Hitchcock* vs. *Harrington;* 7 *Johns.* 278, *Collins* vs. *Torrey;* 9 *Johns.* 344, *Hitchcock* vs. *Carpenter;* 4 *Com. Dig., Title, Estoppel, A.* 3 ; 2 *Shep.* 351, *Horn* vs. *Horn;* 14 *Pick. R.* 467, *Flagg* vs. *Mann.*

UPHAM, J. In this case the husband of the demandant was not seized of the immediate freehold in the estate of which dower is demanded. He held a mere reversion, expectant on the determination of a life estate, which was aliened by him during coverture; and in such case it is well settled that the wife is not entitled to dower. 7 *Mass. R.*

253, *Eldredge* vs. *Forrestal ;* 14 *Ditto* 20, *Williams* vs. *Amory ; Stearns on Real Actions* 285 ; 4 *Kent's Com.* 39.

But the principal question raised by the demandant's counsel is, that the tenant having derived title by deed of warranty from the husband of the demandant, and entered into possession under the deed, is estopped from denying the wife's claim of dower ; and various authorities are cited to sustain this position.

A portion of these authorities show merely that where the husband was in possession, and conveyed the same with warranty and in fee, it is *prima facie* evidence of a seizin in the husband against those who claim under him, so as to entitle his widow to dower.   Such are the cases of *Bancroft* vs. *White,* 1 *Caines' R.* 185, and *Embree* vs. *Ellis,* 2 *Johns.* 119, which are the leading cases in the New-York Reports.

To the doctrine to this extent there would seem to be no reasonable exception.   Possession by a husband, claiming to be owner, is always regarded as *prima facie* evidence entitling the widow to dower.   5 *Cow.* 299, *Jackson* vs. *Waltermire.*   It is going, however, much farther, to hold that the conveyance from the husband, or possession derived under him, is conclusive evidence of the husband's seizin, or such evidence as to estop the tenant from denying it.

In the case of *Nason* vs. *Allen,* 6 *Greenl.* 243, which is the principal case relied upon in the Maine Reports, the tenant claimed title by a conveyance from the husband, in fee and in mortgage, which mortgage he had enforced by a judgment recovered in his name, and under which he entered into possession and held the premises.

This case differs from the one now under consideration, inasmuch as the tenant here claims under a deed which was jointly executed by the husband and another ; and, though possession was taken under this deed, he claims and relies entirely on the title and possession of the other grantor, to an extent that would preclude a right of dower on the part of the demandant.   Such a joinder of different claimants in

a general conveyance, is of very frequent occurrence ; and if the tenant, notwithstanding the general nature of the deed, may be considered as entering and holding in accordance with the several titles of the grantors, then there can be no estoppel, except to prevent the denial of such holding.

An estoppel beyond this would operate to exclude the truth, and cause a result totally different from the intent and designs of the parties. The doctrine of estoppels was designed to promote, rather than defeat the ends of justice ; and unless such is the result, they are not to be favored, or at least to be extended beyond the absolute requirements of law, as no party ought to be precluded from making a defence according to the truth of his own case. 4 *Mass. R.* 181, *Leicester* vs. *Rehoboth ; Ditto* 273, *Bridgewater* vs. *Dartmouth.*

In ordinary deeds of conveyance, the grantee is not estopped from denying the seizin of his grantor. 15 *Mass. R.* 495, *Small* vs. *Proctor ;* 16 *Ditto* 348, *Somes* vs. *Skinner ;* and we see no reason why a tenant under a deed from several grantors may not deny such a seizin as would entitle the widow of either grantor to dower.

In the case, *Moore* vs. *Esty,* 5 *N. H. Rep.* 470, after a consideration of a portion of the cases now cited by the demandant's counsel, Chief Justice Richardson thinks it clear that if the husband, although in possession, never had any estate in the land except a remainder or reversion after an estate for life, this might be shown to defeat a claim of dower, and that there is no law of estoppel which would reject such evidence. Notwithstanding the weight of authority which may be brought to conflict to some extent against this opinion, we incline to think it correct, so far at least as it is applicable to the circumstances of this case ; and that the tenant is not estopped from showing the true title of the husband of the demandant in the premises. If so, it is quite clear on the testimony received that the demandant has no claim of dower, and that there must be

*Judgment for the tenant.*