TENEMENT HOUSE DEPARTMENT OF CITY OF NEW YORK v. WEIL
et al.

(Supreme Court, Appellate Term.   April 18, 1912.)

1. HEALTH (§ 38*)—TENEMENT HOUSE LAW—PENALTIES.
   In an action to recover the $250 penalty, under Tenement House Law (Consol. Laws 1909, c. 61) § 124, for violation of any section of said law, after service of a notice or order and failure to comply therewith, the plaintiff must prove, not only the violation, but also that the notice or order was properly served, and that the violation continued thereafter.
   [Ed. Note.—For other cases, see Health, Cent. Dig. § 37; Dec. Dig. § 38.*]

2. SIGNATURES (§ 2*)—MODE OF AFFIXING.
   The order respecting violations upon the premises, required under Tenement House Law (Consol. Laws 1909, c. 61) § 124, as a condition to the recovery of the $250 penalty provided for therein, may be signed with a fac simile of the signature of the proper officer of the tenement house department, made with a rubber stamp.
   [Ed. Note.—For other cases, see Signatures, Cent. Dig. § 2; Dec. Dig. § 2.*]

3. HEALTH (§ 10*)—TENEMENTS—NOTICES—SERVICE.
   Tenement House Law (Consol. Laws 1909, c. 61) § 142, provides that the posting of the notice or order in relation to a tenement house in a conspicuous place on the house, together with the mailing of a copy thereof on the same day to each person whose name has been filed with the department of health as the owner, at the address as therein filed, shall be a sufficient service. The name "Weil & Mayer," with an address, appeared upon the records of the department of health as owners of the tenement house in question. *Held*, that to post and mail a copy of the notice or order to "Weil & Mayer" at the address given was sufficient service.
   [Ed. Note.—For other cases, see Health, Cent. Dig. § 8; Dec. Dig. § 10.*]

4. EVIDENCE (§§ 215, 333*)—RECORDS—ADMISSIBILITY.
   In an action to recover a penalty for an alleged violation of the Tenement House Law (Consol. Laws 1909, c. 61), a registration of the names and addresses of the owners of a tenement house, made with the department charged with the enforcement of such law, as required by Tenement House Law, § 140, was admissible in evidence to show that the owner had filed the names and addresses required by law; such registration being a public record and presumptively correct, and the names and addresses having the effect of admissions, because presumptively furnished by the parties therein stated to be the owners.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 754–759, 1247–1257, 1259–1265; Dec. Dig. §§ 215, 333.*]

5. CONSTITUTIONAL LAW (§ 309*)—DUE PROCESS OF LAW—NOTICE—PERSONAL NOTICE—NECESSITY.
   Personal service is not essential to due process of law, but the Legislature may prescribe any kind of notice by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 929–930; Dec. Dig. § 309.*]

6. HEALTH (§ 38*)—TENEMENTS—LIABILITY OF OWNER.
   The fact that the owners of a tenement house had leased the premises and were not in possession did not relieve them from the penalty

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for failure to comply with the orders of the tenement house department; the duty to comply being personal to the owners.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 37; Dec. Dig. § 38.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Tenement House Department of the City of New York against Jonas Weil and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Archibald R. Watson, Corp. Counsel, of New York City (John P. O'Brien and F. E. V. Dunn, both of New York City, of counsel), for appellant.

Jellenik & Stern, of New York City (Nathan D. Stern and Isidor Neuwirth, both of New York City, of counsel), for respondents.

SEABURY, J. This action was brought to recover a penalty for an alleged violation of the Tenement House Law. Section 124 of the Tenement House Law makes provision for two penalties: First, a penalty of $50, which may be recovered upon proof of the violation of any section of the Tenement House Law; and, second, a penalty of $250, which may be recovered upon proof of the violation of any section of said law, and proof of the service of a notice or order and the failure to comply with said notice or order.

[1] Upon the record before us the plaintiff asks a reversal of the judgment. Having elected to recover the $250 penalty, it was incumbent upon the plaintiff, not only to prove that the Tenement House Law had been violated, but also to prove that the notice or order was served in the manner required by section 142 of the Tenement House Law, and that the violation continued after the service of such notice or order. Upon the trial the plaintiff offered in evidence, over the objection of the defendants, a paper which purported to be an order of the tenement house department respecting the alleged violations upon the premises.

[2] It is claimed that this order was not properly authenticated, because, instead of being *signed* by the proper officer of the tenement house department, it contained a fac simile of the signature of such official made with a rubber stamp. The Tenement House Law does not provide for the form of the order, or the manner in which it shall be signed. It requires merely that it shall be a "notice or order of the department." Section 124. The order is none the less the order of the department because it bears a fac simile of the signature of the proper official, instead of an original signature. The proof showed that the order came from the tenement house department, and that it was identical with that which was posted upon the premises. In the absence of evidence tending to show that it was not the order of the tenement house department, it was sufficient.

[3] The court below also held that the service which was made of

the order was not in compliance with the requirements of the Tenement House Law. Section 142 of the Tenement House Law prescribes the manner in which notices and orders shall be served. That section provides that:

"Every notice or order in relation to a tenement house shall be served five days before the time for doing the thing in relation to which it shall have been issued. The posting of a copy of such notice or order in a conspicuous place.in the tenement house, together with the mailing of a copy thereof, on the same day that it is posted, to each person, if any, whose name has been filed with the department of health in accordance with the provisions of sections 140 and 141 of this chapter, at his address as therewith filed, shall be sufficient service thereof."

[4] The Tenement House Law provides that owners of tenement houses shall file their names and addresses with the department. Sections 140 and 141. Section 144 of that law provides that such names and addresses shall be indexed under direction of the registrar of records of the department of health "in such a manner that all of those filed in relation to each tenement house shall be together, and readily ascertainable." That section also provides that:

"Said indexes shall be public records, open to public inspection during business hours."

The registration of ownership of the tenement house in question was under the name of "Weil & Mayer," and the address given was "5 Beekman street." For many years great difficulty was experienced in enforcing the sanitary requirements in relation to tenement houses because of the inability to locate the owners of the houses. This difficulty led to the legislation which we now have on the subject. The early difficulties encountered by the department are set forth in the "First Report of the Tenement House Department of the City of New York, 1902–1903," volume 1, p. 286.

Under the existing provisions of law, the duty of supplying this information to the proper authority is imposed upon the owner. Section 140. In accordance with this provision, the name "Weil & Mayer" was filed and the address given. This registration became a public record, and was admissible in evidence for the purpose of showing that the owners of the tenement house had filed the name and address required by law. It is true that no statute has been called to our attention declaring that such a public record is admissible in evidence. Notwithstanding the absence of statutory sanction, we think that the record was admissible, and that its reception in evidence can be sustained upon well-settled principles. In the first place, it is to be noted that the names and addresses of owners of tenement houses are required by law to be filed by the owner. The name and address is found recorded in the proper public office. The legal presumption in such cases is that the law has been complied with, and that the name and address as filed in the public office was furnished by the person required by law to furnish it. If this presumption is indulged, then the statement of the name and address of the owner should be given the force and effect of an admission, and, as such, may properly be received against the person making it.

There are also other circumstantial guaranties of trustworthiness.

Such a record is public and is kept by a public officer, and the record itself relates to matters coming within the official cognizance of such public official. The legal duty which such public official is under is presumptively sufficient to insure its accurate performance. Wigmore on Evidence, § 1632. These considerations tend to insure the accuracy of the record, and, coupled with the necessity which exists for resorting to this kind of proof in such cases as the one now before us, seems to me to sanction its admission in evidence. It is apparent that no prejudice or injustice can result to the defendants from receiving this record in evidence. If the defendants are not the owners of the premises in question, they cannot be held liable for the penalty sued for. If they are the owners of the property, they were required by law to furnish their names and addresses to the proper public authority.

A copy of the notice or order in question was posted in a conspicuous place in the tenement house known as No. 536 West Forty-Fifth street, and a copy thereof was mailed to Weil & Mayer, which were the names filed with the department of health at the address designated. This was prima facie a compliance with the law. The owners have no just cause of complaint if the notice was posted as required and mailed to the names and addresses which the owners themselves had furnished.

[5] Personal service is not essential to due process of law, and the right to prescribe "a kind of notice by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him" is within the legislative power. Hurley v. Olcott, 198 N. Y. 132, 91 N. E. 270, 28 L. R. A. (N. S.) 238.

[6] The controlling reason which seems to have led the learned court below to dismiss the complaint was that the defendants proved that they had leased the premises in question to one Kopel, and that, since the making of that lease, these defendants had not been in the possession of the property. It is significant that the statute imposes the duty of complying with the lawful orders of the tenement house department upon the owners. This is a duty which attaches to the owners, as owners of a tenement house, the condition of which affects the public health and safety. It is a duty which is personal to the owners, and cannot be delegated by them. Nor can the owner relieve himself by contract with a third party from the obligation which the statute imposes upon him. In Lantry v. Hoffman, 55 Misc. Rep. 261, 105 N. Y. Supp. 353, affirmed 124 App. Div. 937, 109 N. Y. Supp. 1135, in discussing a similar subject, this court said:

"The defendants cannot avoid liability for the fine or penalty imposed because they were not in possession of the premises at the time the order was made, or because, under the terms of the lease which they made to the J. Newton Van Ness Company, the tenant was required to comply with all laws, orders, and regulations of the state and municipal authorities. Notwithstanding the terms of the lease, the appellants, as landlords, had the right to enter upon the premises to comply with the order of the fire commissioner of the city of New York. White v. Thurber, 55 Hun, 447 [8 N. Y. Supp. 661]; 2 McAdam, Landlord and Tenant, 911."

We are of opinion that the authenticity of the notice was sufficiently established, and that the order or notice was served in accordance with the requirements of the law, and that the duty which the statute imposed upon these defendants as owners of the house in question could not be delegated.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

