### JENKINS v. GRUEN et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

LANDLORD AND TENANT (§ 164*)—DEFECTIVE PREMISES—LIABILITY OF LANDLORD.

A landlord, who in good faith, leased his entire building to a lessee, who agreed to keep the premises in good repair at his own cost, is not liable for injuries to a subsequent tenant of a room in the building, caused more than a year later by a defective floor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Mary Jenkins against Fanny Gruen and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Walter G. Evans, of Rome, for appellants.

Sidney H. Stuart, of New York City, for respondent.

BIJUR, J. Plaintiff recovered for personal injuries caused by falling through a floor of a room rented and occupied by her in a building owned by defendants. In her complaint she alleges, in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

substance, that the floor was negligently and dangerously constructed, and was allowed to become or remain in dangerous condition, prior to her occupation of the room. Her evidence fails· totally to sustain this allegation, or any ·cause of action against the defendants.

There was practically no conflict of evidence as to the facts.. Plaintiff entered into possession in January, 1912; but the terms of her lease are not shown. The accident occurred on July 30th. She fell through at a point where the flooring was apparently only about one-half of an inch thick and where the boards seemed "well worn." The janitor also testified, over defendants' objection, that the boards were "decayed, all pulpy like, that a nail wouldn't hold"; also (although his testimony is not very clear as referring to the same floor or place) that it had given way in similar fashion some two months earlier.

It will be observed that the accident complained of occurred six or seven months after plaintiff had entered into possession, and the previous accident, from which notice to the landlord might be presumed, five months after her entry. Defendants introduced, without objection or challenge of its good faith, a lease of the entire building to one Siegel, leasing to him the entire premises from April 1, 1911, and containing a clause that the tenant agreed to keep the premises in good and sufficient repair at his own cost. Under the circumstances, there was no liability upon the defendants in any aspect of the case.

Appellants' reference to the case of Tenement House Department v. Weil & Mayer (recently decided in this court) 76 Misc. Rep. 273, 134 N. Y. Supp. 1062, is entirely inept.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.