### McGOWAN v. MORGAN.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. LANDLORD AND TENANT (§ 167*)—CARE OF DEMISED PROPERTY—"OWNER."

Under Tenement House Law (Consol. Laws, c. 61) § 76, providing that in every tenement house a proper light shall be kept burning by the owner in the public hallways, the word "owner," in view of section 140, which speaks of the duty of owners or lessees of the whole house, or of other persons having control of a tenement house, means the person in possession or control as a proprietor of a tenement house.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 668–674, 676–679; Dec. Dig. § 167.*

For other definitions, see Words and Phrases, vol. 6, pp. 5134–5151; vol. 8, p. 7744.]

2. LANDLORD AND TENANT (§ 169*)—INJURIES ON DEMISED PREMISES—EVIDENCE.

The rule that possession and the exercise of proprietary rights is prima facie evidence of ownership prevails in case of a tenement house; and hence in an action for injuries suffered because of defendant's violation of the Tenement House Law (Consol. Laws, c. 61) § 76, requiring the owner to keep burning a proper light in the public hallways, proof that defendant collected the rents and controlled the premises is prima facie evidence of ownership.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. § 169.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Thomas McGowan against Leonard Morgan. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

William C. Abercrombie, of New York City, for appellant.

Edwin A. Jones, of New York City, for respondent.

HOTCHKISS, J. [1] By this action it is sought to hold defendant as "owner" of a tenement house for injuries suffered by plaintiff because of defendant's alleged violation of section 76 of the Tenement House Law, which reads as follows:

"In every tenement house a proper light shall be kept burning by the owner in the public hallways," etc.

The complaint was dismissed because of plaintiff's failure to prove that defendant was "owner" of the premises. The meaning of the

word "owner," as used in this section, is somewhat vague. Elsewhere, as in section 140, the statute speaks of "owner * * * lessee of the whole house, or other person having control of a tenement house." I think the term "owner," in section 76, was intended to describe the person who was in such possession or control as proprietor, of all or part of the premises, as to cast upon him the duty to light and care for the common hallways.

[2] At the trial, plaintiff proved the following facts: Some six months before the accident, in response to an advertisement, one John Dolan applied to defendant for the position of janitor for his wife, and, having been sent to examine and make his choice among several buildings, he selected that in question, was engaged, and thereupon paid defendant one month's cash rent of his apartment; the remainder of his rent to be paid in services. On or near the main entrance there was a sign "apartments to let" and directing those interested to apply to defendant. After this action was commenced, when on the premises and conversing with Dolan about the accident to plaintiff and the "lights being off," defendant said, "Well, if that is so, they got me on the gas." Mrs. Dolan testified that, while janitress, she collected the rents from the other tenants and paid them over to one Demorest, who receipted for them in the name of defendant; that defendant had on several occasions visited the premises and instructed her concerning their care. There were received in evidence several receipts for rent bearing defendant's signature or signed in his name and undisputed by him, on which receipts defendant's name was printed with his occupation, "Notary Public, Insurance, Real Estate."

I think this evidence was prima facie sufficient to show that defendant was "owner" of the premises, within the meaning of section 76, above referred to. Ordinarily as to chattels, possession or the exercise of proprietary rights is prima facie evidence of ownership. The following are illustrations of this rule: Applying for a license to keep a dog. Com. v. Gorman, 16 Gray (Mass.) 601. Permitting a sign with defendant's name to appear over a shop or on a wagon. McCann v. Davison, 145 App. Div. 522, 130 N. Y. Supp. 473; Stables v. Eley, 1 Carr & Payne, 348. Receiving insurance moneys. Grier v. Sampson, 27 Pa. 183.

I know of no sound distinction between real estate and chattels, so far as the exercise of such rights being prima facie evidence of ownership is concerned. In Phillipps on Evidence, under the title of "Ejectment by Heir at Law," it is said:

"The seisin of the deceased is proved by showing his actual possession of the premises, or by proving his receipt of rent from the person in possession." 3 Phillipps on Ev., C. H. & E.'s notes, 595.

The above quotation is cited with approval by Savage, C. J., in Jackson v. Waltermire, 5 Cow. 299, 301, an action of ejectment for dower. The headnote says:

"Actual possession of the husband or his receipt of rent, is prima facie evidence of seisin in such an action."

But the evidence in the case showed actual possession in the deceased as well as the receipt of rents. The same is true of the case of

Jayne v. Price, 5 Taunt, 326, cited in the notes to Phillipps as authority for the author's statement which I have quoted.

Although, as authorities for the precise question here, the cases above referred to may be subject to the criticism I have pointed out, still I think the statement in Phillipps' text is good law.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

McLAUGHLIN and DOWLING, JJ., concur.

INGRAHAM, P. J. I dissent. I think that section 76 of the Tenement House Law, which imposes an obligation upon the owner of premises to keep a proper light burning in the public hallway, etc., means just what it says, that it is the owner of the property upon whom the obligation is imposed, and not an agent or other person in possession of the property. The fact that in other sections of the statute, as in section 140, duties are imposed upon owners, lessees, or other persons having control of a tenement house tends to show, I think, that the Legislature did not intend to impose upon the lessee or person having charge of the house this obligation, but restricted it to the owner, as distinguished from an agent, lessee, or person having charge of the house.

Now, the owner of a house holds a definite legal relation to the property, and it is upon such an owner that the statute imposed the obligation, and, to charge a defendant with negligence for failing to obey this provision of the statute, there must be direct proof of ownership. It is not sufficient to prove that the defendant rented the house, employed janitors and others to keep the house in condition or receive the rent; and that is the only relation to the house that the testimony in this case shows that the defendant had.

I think the judgment should be affirmed.

LAUGHLIN, J., concurs.