ANNA SLATER, Appellant, *v.* ALFRED VICTOR BARNES and Another, Respondents, Impleaded with HARRIET B. NEWBERRY, Defendant.

First Department, December 14, 1923.

Landlord and tenant — action to recover for injuries suffered when plastering fell on plaintiff — plaintiff proved that plastering at same place had fallen four years before accident in question and that repairs had been made by defendant owners through agents — expert testimony on plaintiff's behalf was rejected — sufficient proof was offered to justify submission of case to jury under Tenement House Law, § 102, and under rule of res ipsa loquitur — error to exclude expert testimony — defendant agents are not liable.

In an action to recover damages for personal injuries suffered by the plaintiff, a tenant, when a large portion of a plastered ceiling of a room in her apartment fell upon her, it was error to dismiss the complaint at the close of plaintiff's case, since she proved that about four years before the accident in question the plastered ceiling in the same room fell; that the agents of the owners caused the same to be repaired but the new plaster was placed on the ceiling without taking off the edges of the plaster that remained; and that testimony

by an expert witness on behalf of plaintiff tending to show that if the ceiling had been properly repaired it would not have fallen, without some intervening cause, within four years thereafter, was rejected by the court.

Sufficient proof was offered to justify the submission of the case to the jury under both section 102 of the Tenement House Law and the rule of *res ipsa loquitur.*

When the landlord undertook to make repairs after the plastering fell the first time and entered upon the premises for that purpose, the duty which he delegated to the contractor of putting the demised premises in repair, was not taken from him as the primary person who owed the duty towards the plaintiff, as a tenant, to make the repairs in a workmanlike manner.

It was error for the court to exclude testimony by the expert as to the manner in which the ceiling should have been repaired, since from such proof, if admitted, an inference could be drawn that the original repairs were negligently made, whereas without that proof there was no evidence from which an inference could be drawn as to whether or not the repairs had been sufficiently and adequately made.

The defendant agents are not liable since there is no proof of their concurrence in the negligence as active agents, and since their connection with the defendant owners was merely that of agents operating the tenement house.

MARTIN, J., dissents in part.

APPEAL by the plaintiff, Anna Slater, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 28th day of June, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Adelma H. Burd,* for the appellant.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the respondents.

McAVOY, J.:

The action was brought to recover for personal injuries sustained by the plaintiff through the negligence of the defendants. The complaint was dismissed because no proof of negligence, in the opinion of the learned trial court, was shown.

The plaintiff was a tenant of premises at 70 West Thirty-eighth street, borough of Manhattan, New York city. The defendants Barnes and Newberry were the owners, and the defendant Douglas Robinson, Charles S. Brown Company was the agent of the premises. While the plaintiff was in her apartment, she was injured by the falling of a large portion of a plaster ceiling which fell upon her causing serious injuries. The plaintiff had lived at No. 70 West Thirty-eighth street from 1911 to 1917. In July, 1913, while she was in the dining room of her apartment, water came through the ceiling and the ceiling fell. She thereupon notified the janitor, who notified the agents of the premises, and in August, 1913, the ceiling was repaired through the agents of the landlord by filling in the center part without taking off the edges, and the whole

was then covered with paper. In May, 1917, the part that had been repaired fell, and it was this falling of the ceiling which caused the injuries to the plaintiff. Plaintiff proved her damages through injuries and loss of earnings, and then asked the court to rule that the evidence was sufficient to shift the burden of going forward upon the defendants. The court declined to so rule, and plaintiff then called one Ives as a witness, who testified that he had been a plastering contractor for thirty years, and that he had worked at the trade himself and had plastered ceilings in all kinds of buildings, including apartments. The court ruled out a number of hypothetical questions designed to show that a ceiling which was repaired after the work was properly carried out would not have fallen, without some intervening cause, within four years after its erection; and thereafter the complaint was dismissed for failure to show any previous notice to the defendants of any defect in the ceiling.

It seems to me that under both section 102 of the Tenement House Law and the rule of *res ipsa loquitur* the plaintiff made out sufficient proof of liability on the part of defendants to require the submission of the case to the jury upon the explanation of the owner of the cause of the happening of the accident. Plaintiff showed the duty on defendants' part towards her as a tenant of the premises to make the repairs occasioned by the falling of the ceiling in 1913. Such repairs ought under this duty to have been done in so workmanlike a manner as to prevent the falling of the ceiling within a reasonable time thereafter. When the landlord undertook to make the repairs in 1913 and entered upon the premises for that purpose, the duty which he delegated to the contractor of putting the demised premises in repair was not taken from him as the primary person who owed the duty. The circumstance that the portion of the ceiling which fell in 1917 and which injured the plaintiff, was the same portion as that which had fallen at the time the original repairs were made, together with the proof that the edges were not removed, and the offer of proof by the expert witness as to the manner in which a ceiling should be repaired, the center part of which had fallen, in order to constitute a proper repair, would, if the answer were permitted, have made proof from which an inference could be derived that the original repairs were negligently made. The result of excluding all the testimony of the expert with respect to the proper manner of repair was that there was no evidence from which a proper inference could be made as to whether or not the repairs had been sufficiently and adequately carried out. We think it was error to exclude this proof, and that, in so far as the owners are concerned, proof of the nature pointed out by the questions

which were excluded, would have made a *prima facie* case in behalf of the plaintiff.

As to the defendant Douglas Robinson, Charles S. Brown Company, since there is no proof of its concurrence in the negligence as an active agent, and since its connection with the other defendants was merely that of an agent operating the tenement house for them as owners, we think the dismissal in respect to it was proper, and in that respect the judgment should be affirmed, with costs to said defendant. In so far as the judgment dismisses the complaint as to the owner, Alfred Victor Barnes, it should be reversed and the action severed, and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING and FINCH, JJ., concur; MARTIN, J., dissents and votes for affirmance of the judgment.

Judgment affirmed, with costs as to defendant Douglas Robinson, Charles S. Brown Company; judgment reversed as to defendants Barnes and Newberry and the action severed and a new trial ordered as to said defendants, with costs to appellant to abide the event.