JENNIE WILLIAMS, Plaintiff, *v.* DAVID J. UT, Defendant.

Supreme Court, New York County, March, 1924.

**Landlord and tenant — lessee of tenement house who sublets to others has duty of complying with Tenement House Law, § 102 — lessee liable to tenant for injuries from falling of ceiling.**

The lessee of a tenement house who sublets apartments therein is charged with the duty of making repairs by section 102 of the Tenement House Law and is

rendered liable for injuries to a tenant as the result of a ceiling falling in one of her rooms. That such is the intent of the statute is indicated by section 140 and the provisions of other sections of said statute.

MOTION to dismiss complaint.

*Abraham Oberstein,* for plaintiff.

*Austin, McLanahan, Merritt & Ingraham (Horace S. Manges,* of counsel), for defendant.

GAVEGAN, J. This is a motion before answer to dismiss the complaint in a negligence action on the ground of insufficiency. It is alleged that defendant is the lessee of a tenement house, himself renting out the apartments, and that plaintiff, a tenant, was injured as the result of a ceiling falling in one of her rooms. The question is whether he was charged with a duty to make repairs by section 102 of the Tenement House Law so as to render him liable in this action on the reasoning applied to hold the owner in *Altz* v. *Leiberson,* 233 N. Y. 16. It was there stated (p. 18) that " Whether ' owner ' may mean at times a lessee of the whole building (section 140) is a question not before us."

The complaint alleges that defendant was the lessee of and in possession and control of the house at the time of the accident. There are also appropriate allegations to bring the building within the statutory definition of a tenement house and to set forth that the ceiling was allowed to remain, after notice, in a condition implying a failure to comply with said section 102 which provides that " every tenement house and all the parts thereof shall be kept in good repair."

Defendant relies on a part of the opinion in the case cited reading: " The command of the statute, directed, as it plainly is, against the owner (cf. sections 76, 103, 104, 140) has thus changed the ancient rule." P. 18. But the next sentence, quoted above, as well as the entire context make it plain there was no intention to suggest that the provision referred to is directed exclusively against the owner.

By some of the sections of the Tenement House Law, such as 76, 103, 104, duties and liabilities are imposed on the owner. Others, such as 120 and 140, refer not only to the owner but to the agent or to the lessee as well. The provisions of section 102 are not therein expressly directed against the owner. Though the effect of section 124 is to charge him primarily (*Slater* v. *Barnes,* 207 App. Div. 413), the structure or the arrangement of the statute to which attention is drawn indicates that these provisions are not directed against him exclusively. Rather is it indicated that an opening was designedly left to justify and invite common sense

applications of this general repair section in conformity with the circumstances of the particular case. In the light of the fact that it expressly refers to no person as being charged with the statutory duty of making repairs, we look for the reasonable implication, in this respect, to the general provisions of the enactment and to the situation to which it is being applied. In section 124, which enacts penalties for violations, we find that guilt is placed not only on the " owner " but on " every person who shall violate or assist in the violation " of any provision of the law. Section 140, entitled " registry of owner's name," might naturally be regarded as indicating who are to be listed as persons responsible for the condition of a tenement house. It refers to an " owner," to " *a lessee of the whole house,*" as well as to any " other person having control of a tenement house."

Were the requirements of the statute uniformly imposed on the " owner " and no one else, defendant could argue with more force that section 102 imposes no duty on the " lessee of the whole house." But this argument is weak in face of the fact that, whereas there is an express direction to the owner to comply with certain requirements, neither he nor any one else is mentioned by section 102.

It would seem to be a fair inference that where no particular person is mentioned as being charged with a duty imposed by the act, it devolves on those mentioned in sections of general application whom we might naturally expect to find in control and operation of the premises generally. Moreover, that such is the intent of the statute is indicated by section 140 and the parts of it quoted above. According to the fair intendment of the complaint the estate granted by the owner left him no right to remain in possession so that we naturally look to his lessee, who succeeded to his possession and control, as the person to make ordinary repairs involving no substantial structural alterations or additions.

Such is the effect of plaintiff's allegations. If the lease contained a stipulation to the contrary and if it may avail defendant in this action, it is a matter of defense. The fair import of what is alleged is that the care and maintenance of the building passed to the owner's grantee of a term, the lessee, who is not only in possession and control but who it is set forth operates the building as landlord to the holders of apartments.

I think we can accept section 140 of the Tenement House Law as indicating that a " lessee of the whole house " in possession and control of the building excepting in so far as apartments are held by tenants to whom he stands in the relation of the landlord has a duty of complying with section 102. *Altz* v. *Leiberson, supra; McGowan* v. *Morgan,* 160 App. Div. 588.

It has been held that the owner cannot evade an obligation which the Tenement House Law imposes on him by surrendering possession to a lessee who contracts to comply with the provisions of the statute. *Tenement House Dept.* v. *Weil,* 76 Misc. Rep. 273. But it does not follow that the requirements of section 102 are imposed on the owner exclusively. Such an interpretation may be necessary in relation to the provisions wherein he is specifically mentioned. The failure of section 102 in this respect can be taken as pointing to section 140.

The motion is denied.

Ordered accordingly.