FLORENCE MORRIS, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, December 30, 1932.

*Francis E. Rivers*, for the plaintiff.

*Arthur J. W. Hilly* [————— *Gaier, Assistant Corporation Counsel*], for the defendant.

LEWIS, DAVID C., J. The defendant is the owner of certain real property, classified as a tenement house or multiple dwelling. Defendant let out the property to one Friedman, as tenant of the entire premises, with the privilege of subletting the individual apartments.

At and for some time prior to the letting of the premises by the defendant to the said Friedman, the plaintiff was an occupant of one of the individual apartments, holding over under a lease from the prior owner, and continuing in occupancy of the apartment subsequent to the defendant taking title.

Sometime after the defendant became owner, a portion of the ceiling in one of the rooms occupied by the subtenant, the plaintiff, fell upon her, inflicting certain injuries.

Aside from the denial of negligence, this defendant seeks exemption from liability, on the theory that the lease of the entire premises to Friedman transferred complete control of the property to Friedman, and visited the duty of proper physical maintenance on Friedman, as the lessee, to the exclusion of· any obligation of this defendant as the owner.

Mindful of the high purposes of the Tenement House Law, this court, in the absence of any controlling and conclusive authority, is unwilling to defeat or limit the aims of the statute, and hence to subscribe to the defendant's theory.

" We may be sure that the framers of this statute, when regulating tenement life, had uppermost in thought the care of those who are unable to care for themselves. The Legislature must have known that *unless repairs in the rooms of the poor were made, by the landlord, they would not be made by any one*. The duty imposed became commensurate with the need. The right to seek redress is not limited to the city or its officers. The right extends to all whom there was a purpose to protect." (Italics mine.) (*Altz* v. *Leiberson*, 233 N. Y. 16, at p. 19.)

Under the scheme of the statute, the owner endures the responsibility while the tenant enjoys the protection.

To sustain the defendant's theory would work the substitution of the covenants of a lease for the command of the law. This cannot be done.

Indeed, in determining the guilt of an owner for violation of the statute, and in applying the penalty provisions of the statute, the court has not permitted the owner to evade liability or escape punishment because he had leased the entire premises to another, who had assumed the task of compliance with the statute.

" It is significant that the statute imposes the duty of complying with the legal orders of the tenement house department upon the owners. This is a duty which attaches to the owners, as owners of a tenement house, the condition of which affects the public health and safety. *It is a duty which is personal to the owners, and cannot be delegated by them. Nor can the owner relieve himself, by contract with a third party, from the obligations which the statute*

*imposes upon him."* (Italics ours.) (*Tenement House Department* v. *Weil,* 76 Misc. 273, at p. 278.)

The owner may delegate the performance of the work. He cannot delegate the duty nor liability for its non-performance.

" The duty which he delegated to the contractor of putting the demised premises in repair was not taken from him as the primary person who owed the duty." (*Slater* v. *Barnes,* 207 App. Div. 413, 415.)

The defendant submits a list of citations which run contra: *Jenkins* v. *Gruen* (137 N. Y. Supp. 853); *Alfano* v. *McManus* (154 id. 212); *Stamm* v. *Purroy* (170 App. Div. 584).

All these decisions were rendered before the Court of Appeals expression in *Altz* v. *Lieberson* (*supra*).

And the plain language and the sound logic of this opinion vitiates the earlier holdings of the lower courts.

For these earlier cases rested upon the premise that the landlord having yielded control, was released from responsibility.

The Court of Appeals, by its decision, closed this convenient avenue of escape from the statutory obligation, and placed its finger on the pulse of the law.

" At common law there was no duty resting on the landlord of an apartment house to repair the rooms demised (*Golob* v. *Pasinsky,* 178 N. Y. 458). His duty of repair was limited to those parts of the building which the occupants enjoyed in common (*Dollard* v. *Roberts,* 130 N. Y. 269). *The Tenement House Law (Consol. Laws, ch. 61) has changed the measure of his burden.* * * *

" The comprehensive sweep of this enactment admits of no exception. *We are not at liberty to confine it to those parts of the building not included within the premises demised.* The legislature has said that the duty shall extend, not only to some parts, but to all. Apter words could hardly have been chosen wherewith to exclude division of responsibility between one part and another. *The command of the statute, directed, as it plainly is, against the owner* (cf. secs. 76, 193, 104, 140) has thus changed the ancient rule. * * * The meaning is that the premises shall not be suffered to fall into decay. The duty to prevent this, which, in part at least, once rested upon the tenant, is now cast upon another." (Italics ours.) (*Altz* v. *Lieberson,* 233 N. Y. 16, at. p. 18.)

It is manifest that there is a demise of the individual apartment to the actual occupant, whether such occupant holds directly from the owner or indirectly as a subtenant from a main lessee. In either instance, the demised individual apartment is not a portion of the premises reserved to the landlord, or enjoyed in common by all of the tenants.

And it is also observed that by holding the owner primarily responsible, the Court of Appeals did not exclude any additional liability assumed by or imposed on a main lessee.

And in this sense the law has created an absolute, not a contingent duty; a duty that may be determined by ownership; a duty not dependent on control.

Here we are treating the subject of a safe, physical, structural condition of repair, as contrasted with the operation or maintenance of lights (to be turned off or on by the person in control).

The Legislature in its wisdom, in the hope of insuring its fulfillment, cast the obligation upon the owner. What right or duty has the court to remove it from him and thus, possibly, if not probably, weaken the statutory protection?

But the law demands notice (actual or constructive) as an essential element of liability.

Where the landlord claims immunity from liability, on the ground that he had delegated to another the performance of this work, can he completely deny liability for the actionable default of his *alter ego?*

Judgment will, therefore, be rendered in favor of the plaintiff.