MAX WEISS, Appellant, v. MEYER WALLACH and Others, Respondents.

First Department, March 3, 1939.

*Emile Z. Berman* of counsel [*Abraham Richmond* with him on the brief; *Emil Schlesinger* and *Abraham Schlesinger*, attorneys], for the appellant.

*J. Austin Lyons* of counsel [*Phillips & Ahearn*, attorneys], for the respondents.

GLENNON, J.   This is a personal injury action.   The case was tried before a court and jury.   A verdict was returned in favor of plaintiff in the sum of $500.   At the close of the plaintiff's case the court reserved decision on the motion made by the defendants to dismiss.   After defendants had introduced their testimony and both sides had rested, the motion to dismiss the complaint was renewed by the defendants.   The court thereupon stated: " Denied.   I give you an exception.   I think it is a question for the jury."

After the verdict was returned in the absence of trial counsel, one of the attorneys of record for the plaintiff moved to set aside the verdict on the ground that it was totally and wholly inadequate. After counsel for the defendants failed to make a motion to set aside the verdict, the court denied plaintiff's motion.   Ten days later, after a conference between the court and counsel in chambers, trial counsel for the plaintiff moved to set aside the verdict as inadequate, whereupon counsel for the defendants stated: " I would like to move to set aside the verdict on the ground that it is contrary to law, against the weight of evidence, on the ground that the plaintiff totally failed to make out a cause of action against the defendant and all the grounds set forth in the Civil Practice Act, excepting those referring to damages and I would like to renew the motion for a dismissal of the complaint made during the trial."

The court granted defendants' motion to dismiss with the following statements:

" The motion made by Mr. Lyons is granted.

" The Court feels that the evidence bearing upon the question of the contributory negligence of the plaintiff did not sustain the necessary finding of freedom from contributory negligence which was involved in the verdict here.

" Had a motion been made in behalf of the defense at the coming in of the verdict, which is now made, the Court would then have granted that motion.

" Such motion not having been made then, and the only motion that was made being the one made in behalf of the plaintiff to set aside the verdict as inadequate, the Court denied that motion, the Court being of the opinion that inasmuch as the plaintiff on the record was not entitled to any verdict, that the verdict of $500 was adequate.

" On the motion made by Mr. Berman to set aside the verdict as inadequate, the Court has entertained his motion for reargument and on the reargument adheres to its original decision."

In addition to the foregoing, the court made the following statement: " In the event the Appellate Court determines that this Court is in error in granting Mr. Lyons' motion to set aside the verdict, and that the record presented a question of fact which entitled the plaintiff to recover damages, this Court is of the opinion that the evidence bearing upon the question of damages might well have supported a much larger verdict."

The plaintiff asks that the judgment in favor of defendants be reversed and the order setting aside the verdict and dismissing the complaint be modified by granting a new trial. We are of the opinion that plaintiff is entitled to the relief which he seeks.

In arriving at its verdict, the jury apparently found that plaintiff with his family was a tenant in defendants' multiple dwelling house at 2139 Clinton avenue, Bronx, New York city, on May 9, 1936, when he was injured. The living room of the apartment had a window which looked out on a courtyard; alongside the window was a hook and pulley together with a clothes line which was furnished by the landlord. In the early part of April, 1936, the sash cord on the right side of the lower window frame broke and as a result the lower frame was not used. The following day plaintiff's wife notified the wife of the superintendent, Mrs. Stecyk, who promised to have the sash cord repaired. It was conceded by the defendants that she had authority to receive complaints and make adjustments. About a week prior to the accident, the plaintiff spoke to the superintendent about the defective condition and the latter told him, in substance, that he would repair it as soon as he had a chance. On Saturday morning, May 9, 1936, Mrs. Weiss desired to use the clothes line and she requested her husband to open the lower section of the window. The plaintiff placed his right hand upon the upper part of the frame and his left hand in the groove at the bottom while his wife exerted pressure to the left side of the window. The window moved up two or three inches but the right side suddenly stuck and plaintiff's hand went through the glass.

In submitting the case to the jury, the court said in part: " He bases his claim generally on what we know in the law as negligence.

Negligence in its application to both the plaintiff and the defendants is the failure to use the care and caution that a reasonably careful and prudent person would use under the circumstances. That is the test. The law requires that every multiple dwelling and every part thereof shall be kept in good repair. It further requires that the owner of such multiple dwelling shall be responsible for compliance with the provisions of this section.█ That means in reasonably good repair, such a state of repair as a reasonably careful and prudent person would regard as in good repair. If you find the defendants were guilty of violating that statute, that would constitute an act of negligence; provided you find there was a causal connection, a direct relation, a direct sequence, an unbroken connection between any failure to keep that window in good repair and the accident to the plaintiff, then such a violation, if there was one, on the part of the defendants, would constitute actionable negligence."

The law as laid down by the court adequately covered the case in so far as plaintiff's claim of negligence was concerned. As the court stated, the law requires that every multiple dwelling and every part thereof shall be kept in good repair. (*Altz* v. *Leiberson*, 233 N. Y. 16.) That naturally included the windows in plaintiff's apartment. (*Haino* v. *Kiraly*, 247 App. Div. 776.)

The question of whether or not the plaintiff was guilty of contributory negligence in attempting to open the window with the broken sash cord was one for the jury to determine. In *Eckert* v. *Reichardt* (243 N. Y. 72) Judge CRANE said in part: "We do not think that the plaintiff can be charged with contributory negligence as matter of law, because she went to bed with her child under a cracked ceiling, although she may have believed that the ceiling was liable to fall, or might fall. Under all the circumstances and conditions this was a question for the jury. The nature and size of the apartment, the fact that the law permitted the plaintiff to remain in the apartment, and placed the duty upon the landlord to cure defects, after notice, together with his promise through the agent, to make inspection and repairs, if necessary, must be considered. Likewise, a jury must have in mind the nature of the crack, its size, the portion of the wall in which it was, and whether or not the plaintiff's belief that it might fall also carried to her mind the belief that it would fall upon her when in bed to such an extent as to cause physical injury. If tenants could be forced out of rooms and apartments in tenement houses by landlords refusing to make repairs, by having visited upon them the rule of contributory negligence as matter of law if they remained, it would

in effect nullify to a large extent not only the provisions of the Tenement House Law, but also weaken the enforcement of the so-called Emergency Rent Laws."

Furthermore, the court erred in dismissing the complaint after the verdict was rendered. While the court reserved decision at the close of the plaintiff's case without an exception having been noted by either party, still, since the court denied the motion made by the defendants to dismiss after both sides had rested, the court was without power subsequently to dismiss the complaint.

In *Dougherty* v. *Salt* (227 N. Y. 200) Judge Cardozo said in part: " We hold, therefore, that the verdict of the jury was contrary to law, and that the trial judge was right in setting it aside. He went too far, however, in dismissing the complaint. He might have dismissed it if he had reserved his ruling on the defendant's motion for a nonsuit or for the direction of a verdict * * *. Instead of reserving his ruling, he denied the motion absolutely. Upon the return of the verdict, he should have granted a new trial." (See, also, *Bail* v. *New York, New Haven & H. R. R. Co.*, 201 N. Y. 355.)

In view of the statement of the trial court, " that the evidence bearing upon the question of damages might well have supported a much larger verdict," we are of the opinion that the motion to set aside the verdict in plaintiff's favor as inadequate should have been granted.

Accordingly the judgment in favor of defendants should be reversed, and the order setting aside the verdict and dismissing the complaint modified by denying the motion to dismiss the complaint and by granting a new trial, and as so modified affirmed, with costs to the appellant to abide the event.

Martin, P. J., Townley, Untermyer and Cohn, JJ., concur.

Judgment unanimously reversed, and order unanimously modified by denying the motion to dismiss the complaint and by granting a new trial, and as so modified affirmed, with costs to the appellant to abide the event.