ALFRED J. BOHLINGER, Superintendent of Insurance of the State of New York as Liquidator of The Preferred Accident Insurance Company of New York, Respondent, v. AARON ZANGER, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Dore, Cohn, Van Voorhis and Breitel, JJ. [See *post*, p. 973.]

GUSTAVE GROSSMAN, Appellant, v. SHAYBURNE REALTY CORP., Respondent.— Judgment affirmed, with costs to the respondent. Defendant rested on plaintiff's case. We interpret the decision of the trial court as a finding of fact on the whole case that defendant was not negligent. Present — Peck, P. J., Dore, Cohn, Van Voorhis and Breitel, JJ.; Dore, J., dissents and votes to reverse the judgment and to order a new trial in the following memorandum: Plaintiff's proof established that the door in question was "stuck", and would not open except under heavy pressure; that the door's glass panel which injured plaintiff was broken; that these defective conditions antedated the accident and adequate notice had been given to the superintendent of the owner of the multiple dwelling in question. In the light of the conditions maintained, the accident was one that could reasonably be foreseen. The proof was sufficient to show that the defects established negligence on the part of defendant causing the accident. The trial court did not find plaintiff contributorily negligent but expressly put the dismissal solely on the ground that plaintiff "failed to establish actionable negligence for which defendant may be held to answer in damages." Plaintiff's prima facie proof was uncontradicted by any testimony; defendant rested at the close of plaintiff's case and adduced no proof whatever. In that state of facts it was error for the court to dismiss. (See *Suarez* v. *1674 Park Ave. Corp.*, 275 App. Div. 1036, and *Weiss* v. *Wallach*, 256 App. Div. 354.)