Martin B. Stecher, J.
At about 5:00 o’clock of the morning of June 20, 1969, the plaintiff, asleep in the bedroom of her ‘ ‘ East Village ’ ’ apartment, was awakened by an unidentified intruder who raped her at knife point. She seeks damages from her landlord as compensation for this assault.
Plaintiff was the sole witness to testify in this case tried without a jury. She testified — and I find — that she lived on the top flooor of a five-story walk-up multiple dwelling. The *277 area is a known high-crime area and the building itself was visited by police about a half-dozen times during the preceding two years, investigating assaults, burglaries, robbery and narcotics use. The corridors, stairs and roof of the building were regularly habituated by nonresident drug addicts who ministered to their cravings on these premises. From the roof, a fire escape led to the ground, the plaintiff’s bedroom window being at the first platform below the roof.
Two weeks prior to the incident, a piece of glass, about three inches by six inches was cut from the bedroom window adjacent to the window latch. (The plaintiff did not explain how this came to be. The defendant’s memorandum of law, however, concedes that 1 ‘ a window of her apartment had been broken and the apartment entered by an unknown party approximately two weeks prior to the occurrence, giving rise to the cause of action herein. ’ ’) The plaintiff made numerous but fruitless demands on the resident superintendent for repair of the window.
On the night of June 19, she locked the window and went to sleep. From the evidence, it is reasonable to conclude that the rapist reached in through the broken glass, opened the window and entered through it.
Section 78 of the Multiple Dwelling Law required the defendant to keep this building “ and every part thereof ” in good repair. This window was such a part. (Weiss v. Wallach, 256 App. Div. 354, rehearing den. 256 App. Div. 1059.) The defendant had notice of the defect in sufficient time to make the repair and its failure to do so was negligent. Was this neglect, however, a proximate cause of plaintiff’s injury? Was the rape a consequence reasonably to be foreseen?
On the facts of this case — the location of the apartment in the building, the area in which the building was situated, the unobstructed use of the corridors and roof by unauthorized drug users, the number of other crimes committed there, and the recent forced entry into the plaintiff’s apartment through this very window — it must be held that a reasonable person in the landlord’s situation should have anticipated that the opening in the fire escape window was an invitation to a criminal entry into the plaintiff’s apartment. It is not necessary that the crime of rape have been anticipated. Any violent crime may be expected to accompany a burglary (Penal Law, § 140.00 et seq.). In this case, it did.
In seeking to avoid a conclusion of proximate causation, the defendant relies heavily on Horney v. World Is. Estates (20 A D 2d 849, affd. 15 N Y 2d 564) in which a complaint, alleging an entry made possible through the design of the structure, *278 was dismissed. The Homey case is not controlling, for there the defendant breached no duty owed the plaintiff. Here, a duty— repair of the window — was breached.
Defendant asserts, citing Saugerties Bank v. Delaware & Hudson Co. (236 N. Y. 425) that one is not obliged to anticipate the commission of a crime; that the criminal is an intervening cause. As pointed out, however, by Justice Stetjeb in his dissent in Bolsenbroek v. Tully & Di Napoli (12 A D 2d 376, 380): “ The problem of intervening cause does not arise in this case. Where the negligence charged is the failure to provide against danger from an outside source, by definition the effect of that outside source is not an intervention. Many familiar examples will occur. The failure to take proper measures in regard to fire prevention is not excused by the fact that causing the fire is not chargeable to the defendant. (Friedman v. Shindler’s Prairie House, 224 App. Div. 232.) The same applies where a municipality is under a duty to provide police protection. The fact that the injury was the criminal act of a third person (surely an intervening act) is of no consequence. (Schuster v. City of New York, 5 N Y 2d 75.) Quite properly the question of intervening cause is rarely discussed in such cases. But it has been on occasion (Henningsen v. Markowitz, 132 Misc. 547) and been found not to apply.”
There can be little doubt that a latch on an intact window abutting a fire escape has as its principal purpose the exclusion of intruders. Under such circumstances the defendant may not be heard to say that the entry of the intruder excuses its failure to repair the broken window.
What constitutes such an intervening cause is not easy to define, but certainly, not every crime is such a cause. (Schuster v. City of New York, supra ; Abbott v. New York Public Lib., 263 App. Div. 314) ; nor is every human intervention, act of God, or even a combination of both sufficient to excuse the original neglect (Carlock v. Westchester Light. Co., 268 N. Y. 345 ; Gardner v. Fleckenstein, 3 N Y 2d 812).
Was the negligent failure to repair the broken window a “cause” of the intrusion? I believe the question must be answered in the affirmative. When a faulty traffic control light invites a negligent driver to enter an intersection, the negligent maintenance of the light has been held to be a proximate cause of injury to the motorist properly there (Foley v. State of New York, 265 App. Div. 682). When a landowner knowingly allows children to enter upon his property under circumstances of danger, injury to such children, despite their *279 own trespass and negligent acts, has been held to be “ caused ” by the permitted entry and dangerous conditions (Patterson v. Proctor Paint & Varnish Co., 21 N Y 2d 447).
Such being the law, a breach in a window on a fire escape landing under the conditions here existing must be deemed an invitation to enter and therefore a ‘' cause ’ ’ of entry.
In view of the foregoing,.I need not pass upon plaintiff’s contention that a landlord has a contractually assumed duty to protect its tenants from foreseeable violence (cf. Kline v. 1500 Massachusetts Ave. Apt. Corp., N. Y. L. J., Aug. 27, 1970, p. 1, col. 1 [C. A., D. C.]).
I see no need to review in detail the consequences of the rape. Suffice to say, I find the plaintiff’s description thereof credible and she may enter judgment in the sum of $10,000.