ELLEN McN. ALTZ, Respondent, *v.* LOUIS LEIBERSON, Appellant.

**Landlord and tenant — apartment houses — duty of landlord to repair imposed by statute (Tenement House Law, Cons. Laws, ch. 61) — liability of landlord for injury to tenant caused by falling ceiling, which he failed to repair after due notice.**

1. At common law there was no duty resting on the landlord of an apartment house to repair the rooms demised. His duty of repair was limited to those parts of the building which the occupants enjoyed in common, but the Tenement House Law (Cons. Laws, ch. 61) defining tenement houses includes in such definition "apartment houses, flat houses and all other houses so occupied " (§ 2, subd. 1), and provides that " every tenement house and all the parts thereof shall be kept in good repair " (§ 102). The command of the statute, directed, as it plainly is, against the owner (§§ 76, 103, 104, 140), has thus changed the ancient rule.

2. Plaintiff was a tenant in defendant's apartment house. She was injured while in her room by a falling ceiling which the defendant, after timely notice of the danger, had omitted to repair. The jury having found the facts in favor of plaintiff, the unanimous affirmance at the Appellate Division carries with it the presumption that there is evidence to sustain the verdict and it must be held that, under the statute (Tenement House Law, Cons. Laws, ch. 61), the defendant's omission to make repairs, after notice, was a breach of duty causing the injury to plaintiff for which defendant is liable.

*Altz* v. *Leiberson*, 191 App. Div. 888, affirmed.

(Argued December 1, 1921; decided February 28, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 27, 1920, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Edward P. Mowton* for appellant. The complaint should have been dismissed because it failed to allege or establish facts sufficient to constitute a cause of action. (*Brackett* v. *Griswold*, 112 N. Y. 454; *McNeil* v. *Cobb*,

186 App. Div. 177; *Kushes* v. *Ginsberg*, 99 App. Div. 417; 188 N. Y. 630; *Renard* v. *Grenthal*, 81 Misc. Rep. 135; *Fairchild* v. *Leo*, 149 App. Div. 31; *Pagnillo* v. *Mack Paving & Construction Co.*, 142 App. Div. 491; *Golob* v. *Pasinsky*, 178 N. Y. 458; *Witty* v. *Matthews*, 52 N. Y. 512; *Bartzel* v. *Rhinelander*, 179 App. Div. 735; *Elefante* v. *Pizitz*, 182 App. Div. 819, 821; 230 N. Y. 567.)

*Hector M. Hitchings* for respondent. The motion to dismiss the complaint was properly denied. (*Queeney* v. *Willie*, 225 N. Y. 374; *Frank* v. *Simon*, 109 App. Div. 38; *Harris* v. *Boardman*, 68 App. Div. 436; *Pincus* v. *Schlecter*, 167 App. Div. 361; *Drucker* v. *Cohen*, 159 N. Y. Supp. 693; *Nutter* v. *Colyer*, 180 Mich. 107; *Fleischer* v. *Dworsky*, 90 Misc. Rep. 628; *Tauber* v. *Rochelsky*, 90 Misc. Rep. 382; *Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 382; *Burch* v. *Int. R. T. Co.*, 187 N. Y. 388; *Barrett* v. *L. O. B. Imp. Co.*, 174 N. Y. 310; *Athorf* v. *Wolfe*, 22 N. Y. 355; *Van Pelt* v. *De Graw*, 4 N. Y. 100.)

CARDOZO, J. The plaintiff in November, 1917, was a tenant in the defendant's apartment house in the city of New York. She was injured while in her room by a fall'ng ceiling, which the defendant, after timely notice of the danger, had omitted to repair. So, at least, the jury found, and the unanimous affirmance at the Appellate Division carries with it the presumption that there is evidence to sustain the verdict. The question to be determined is whether the omission was a breach of duty.

At common law there was no duty resting on the landlord of an apartment house to repair the rooms demised (*Golob* v. *Pasinsky*, 178 N. Y. 458). His duty of repair was limited to those parts of the building which the occupants enjoyed in common (*Dollard* v. *Roberts*, 130 N. Y. 269). The Tenement House Law (Consol.

Laws, ch. 61) has changed the measure of his burden. " ' A tenement house ' is any house or building, or portion thereof, which is either rented, leased, let or hired out, to be occupied, or is occupied, in whole or in part, as the home or residence of three families or more living independently of each other, and doing their cooking upon the premises, and includes apartment houses, flat houses and all other houses so occupied " (Tenement House Law, sec. 2, subd. 1). " Every tenement house and all the parts thereof shall be kept in good repair " (section 102).

The comprehensive sweep of this enactment admits of no exception. We are not at liberty to confine it to those parts of the building not included within the premises demised. The legislature has said that the duty shall extend, not only to some parts, but to all. Apter words could hardly have been chosen wherewith to exclude division of responsibility between one part and another. The command of the statute, directed, as it plainly is, against the owner (cf. sections 76, 103, 104, 140) has thus changed the ancient rule. Whether " owner " may mean at times a lessee of the whole building (section 140) is a question not before us. No doubt, before a right of action will accrue in favor of the tenant, there must be notice, actual or constructive, of the defect to be repaired. No doubt the defect itself must be one that has relation to the maintenance of the building as a tenantable habitation. This limitation results by implication from the context of the section, which forms part of an article entitled " sanitary provisions." The meaning is that the premises shall not be suffered to fall into decay. The duty to prevent this, which, in part at least, once rested upon the tenant, is now cast upon another.

A narrower construction ignores, not only the letter of the statute, but the evil to be cured. A " tenement house," as the meaning is enlarged by the definition of the statute, may include the dwellings of the rich.

In its primary and common application, it suggests the dwellings of the poor (*Kitching* v. *Brown*, 180 N. Y. 414, 422). We may be sure that the framers of this statute, when regulating tenement life, had uppermost in thought the care of those who are unable to care for themselves. The legislature must have known that unless repairs in the rooms of the poor were made by the landlord, they would not be made by any one. The duty imposed became commensurate with the need. The right to seek redress is not limited to the city or its officers. The right extends to all whom there was a purpose to protect (*Amberg* v. *Kinley*, 214 N. Y. 531, 535; *Martin* v. *Herzog*, 228 N. Y. 164, 168; *Bornstein* v. *Faden*, 149 App. Div. 37; 208 N. Y. 605).

We are not unmindful of possible objections to the form of the complaint. It is subject to criticism in that it describes the building as an apartment house without adding all the elements of a tenement house within the statute. The objection was not made upon the trial. It ought not to vitiate the judgment if made for the first time upon appeal.

The judgment should be affirmed with costs.

Hiscock, Ch. J., Hogan, Pound, McLaughlin and Crane, JJ., concur; Andrews, J., dissents.

Judgment affirmed.