EXCELLENT HOLDING CORPORATION, Landlord, *v.* HARVEY RICHMAN, Tenant.

Municipal Court of New York, Borough of Manhattan, Seventh District, April 23, 1935.

*James B. Henney,* for the landlord.

*Loria & Martinson,* for the tenant.

LEWIS (DAVID C.), J.    The landlord disposseses for non-payment. The tenant counterclaims for damage to property and injuries to person caused by the landlord's neglect.    The lease contains an immunity clause similar to that passed upon by our Court of Appeals (*Kirshenbaum* v. *General Outdoor Adv. Co.,* 258 N. Y. 489).

It is noted that the *Kirshenbaum* case involved premises in a business building.    In the case before the court the premises are in a multiple dwelling.    One is plainly without the pale; the other clearly within the province of the expressed and enlightened policy of our State — a policy established by statute and indorsed by precedent.    (Multiple Dwelling Law, § 2.)    (See, also, *Altz* v. *Leiberson,* 233 N. Y. 16.)

The court is loathe to hold that the negative covenant of a private lease should be permitted to override the positive mandate of a public policy and the public law.

Stripped of the assumed immunity, the landlord must meet the facts.

It was not a mere ordinary leak that disturbed this tenant's quite enjoyment. It was a most unusual invasion; the water from the roof finding its way through various portions of the entire ceiling down into his bed and upon his person, in the early hours of a cold winter's morning.

This was not a sound and safe roof. The history of events presents symptoms of its defects. Evidence of their cure is lacking. The assurances of correction by the landlord lulled the tenant into false security. It remained for the mishap to open his eyes to the truth. The liability of the landlord has been established. (*Marks* v. *Nambill Realty Co., Inc.,* 245 N. Y. 256.)

The question of damages remains. As to the personal property, it is only a matter of assessment. As to the physical injury, it is a matter of approximate cause. Upon his awakening, the tenant suffered a chill. He did not immediately take to bed. He went to business for a few days, notwithstanding his physical feelings or condition, and continued to work until his temperature compelled medical attention. It is not beyond the realm of probability that such an experience should be followed by an attack of grippe. The mere fact that the tenant refused to surrender to the first stages of his illness may have delayed the cure but cannot deny the cause.

I am of the opinion that the testimony is sufficient in fact and law to warrant the conclusion that the experience of that night was the approximate cause of the illness complained of. (See *Goldkopf* v. *Metropolitan Life Ins. Co.,* 149 Misc. 663.)

It remains to assess the damage. From the proof presented, the court fixes the damages at $75 for property damages and $110 for personal injuries.