Donna Marie Aubry, an Infant, by Joseph J. Aubry, Jr., Her Guardian ad Litem, Respondent, v. Ashland Realty Co., Inc., Appellant.

Fourth Department, October 7, 1938.

*Harold J. Adams* [*Edmund S. Brown* of counsel], for the appellant.

*Jacobson, Wallens & Wolkind* [*Clayton M. Smith* of counsel], for the respondent.

DOWLING, J.   Defendant owns a sixteen-family tenement house on the southwest corner of Elmwood avenue and Tracy street, Buffalo, N. Y.   In February, 1937, it leased to Joseph J. Aubry, Jr., a five-room apartment on the third floor, the living room of which faced Elmwood avenue.   In this room there are three windows of the usual type.   When Mr. Aubry took possession in February, 1937, the lower section of the middle window was covered with a copper wire screen attached to a wooden frame.   The screen was held in position by two metal plungers which projected into holes in the window casings, twenty inches above the sill, one-half and seven-eighths inches respectively.   These plungers were on the room side of the screen.   The screen could be removed by withdrawing one or both of the plungers from the holes in the casings.   Mr. Aubry's family consisted of himself, his wife and two children, Donna Marie, aged fourteen months, and Ethel, aged three years.

On May 27, 1937, Mrs. Aubry decided to clean her apartment. She moved certain articles of furniture away from the middle window in the living room and raised the lower half of the window. At this time the screen appeared to be in proper position.   The sill of this window was approximately twenty-one inches above the floor of the living room.   About midday Mrs. Aubry went to the bathroom to prepare a bath for the children who were, at

the time, playing together in the dining room. She inserted the stopper in the tub, turned on the water, returned immediately to the living room, noticed the screen was missing, looked out of the window and saw Donna Marie and the screen lying on the ground below. Donna Marie sustained bodily injuries to recover for which she has instituted this action.

For a first cause of action, plaintiff alleges that the defendant placed in the middle window of the living room a screen which was in " a state of bad repair, of which the defendant had notice; that the defendant failed, refused and neglected to repair said screen after said notice;" that the plaintiff " leaned against said screen and that by reason of the condition of said screen, the infant plaintiff was caused to and did fall " to the ground, causing her the injuries complained of; that the injuries suffered by plaintiff " were due solely and wholly to the negligence, carelessness, and violation of law on the part of the defendant." For a second cause of action plaintiff realleges certain allegations of the first cause and further alleges " that the screen so placed in said window by the defendant, its servants, agents and employees was not the proper screen for said window and that said screen was improperly, carelessly and negligently placed in said window opening in that the clamps or prongs which were intended to hold said screen securely and fast in said window did not properly fit the holes intended for said screen and the holes in which said clamps or prongs were intended to fit were badly worn;   *   *   *   that the injuries sustained by the infant plaintiff were due solely and wholly to the negligence and carelessness of the defendant." Defendant interposed an answer denying these allegations. Plaintiff recovered a judgment for $7,000 and costs. From this judgment the defendant appeals.

How the accident happened is somewhat conjectural. One of plaintiff's witnesses testified that she was standing on the easterly side of Elmwood avenue opposite the defendant's building waiting for traffic to clear; that she saw the plaintiff standing in the window with her hands above her head patting the screen; that she did not see the screen or the plaintiff fall from the window. Another witness, called by the defendant, testified that she saw the plaintiff immediately before she struck the ground. Whether the patting released the plungers or the plaintiff pulled them out of their sockets the record does not disclose. It does appear, however, that the holes were one-quarter of an inch in diameter at the bottom, three-quarters of an inch in diameter at the top and that the wood had been worn away about the holes at the surface, presumably from long usage.

The learned trial justice submitted both causes of action to the jury. He charged, in substance, that the screen was part of the building and that the defendant was bound to maintain it in a reasonably safe condition under section 102 of the Tenement House Law, which provides in part: "Every tenement house and all the parts thereof shall be kept in good repair." That defendant's building is a tenement house under section 2 of the Tenement House Law is not disputed. Defendant excepted to this instruction. Defendant also excepted to allowing the jury to speculate as to how the accident happened on the ground that any inference the jury might draw would necessarily rest on inference and not on established facts. It is not necessary to determine these questions in view of the fact that the judgment must be reversed for errors committed in the reception of evidence and in the refusal to charge certain requests made by the defendant.

Over defendant's objection, plaintiff was permitted to prove that the defendant, shortly after the accident, placed a screen in the window and fastened it there with hooks. This evidence was introduced to prove that the holes in the window casings were inadequate for the purpose intended. It was not competent for that purpose. This ruling was prejudicial to the defendant. (*Cahill* v. *Kleinberg,* 233 N. Y. 255, 259, 260.) Plaintiff called a building contractor, who was permitted to express an opinion, in answer to a hypothetical question, over defendant's objection that the subject was not one for expert testimony, that the holes, in their condition, were not adequate to hold the screen under ordinary usage. The witness possessed no knowledge, beyond that of the ordinary individual, which entitled him to speak with authority on this subject. The jury were as competent as he was to form an opinion on the stated facts. This ruling constituted error prejudicial to the defendant. (*Dougherty* v. *Milliken,* 163 N. Y. 527, 533–535.)

Defendant requested the court to charge, in substance, that before the plaintiff could recover, there must be notice to the defendant, actual or constructive, of the defect to be repaired. This request was refused. This ruling made the defendant a guarantor of the safety of its premises, was erroneous and prejudicial to the defendant. (*Eckert* v. *Reichardt,* 243 N. Y. 72; *Altz* v. *Leiberson,* 233 id. 16, 18; *Vassallo* v. *Garguilo,* 228 App. Div. 651.)

Defendant cites other rulings which it claims were erroneous and prejudicial to it. These rulings need not be passed upon at this time and we express no opinion thereon.

The judgment and order denying motion to set aside the verdict should be reversed on the law and a new trial should be granted, with costs to the appellant to abide the event.

All concur, except Crosby, J., who dissents in part and votes for reversal on the law and dismissal of the complaint.  Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.