ISADOR WEINER, Appellant, *v.* LEROCO REALTY CORPORATION, Respondent.

Submitted October 18, 1938; decided November 29, 1938.

*Edward A. Shandell, Morris L. Wolf* and *Desmond T. Barry* for appellant. The duty of repair is primarily fixed upon the owner by section 78 of the Multiple Dwelling Law (Cons. Laws, ch. 61-A) and he is not absolved from liability by leasing to another. (*Altz* v. *Leiberson*, 233 N. Y. 16; *3175 Holding Corp.* v. *Schmidt*, 150 Misc. Rep. 853; *Villa Victoria, Inc.*, v. *Fanning*, 157 Misc. Rep. 280; *W. & B. Hosiery Corp.* v. *Kapplow*, 158 Misc. Rep. 872; *Lebright* v. *Gentzlinger*, 232 App. Div. 274; *Slater* v. *Barnes*, 207 App. Div. 413; *Sticker* v. *Seril Realty Corp.*, 256 N. Y. 687; *Williams* v. *Ut*, 122 Misc. Rep. 787; *Tenement House Department* v. *Weil*, 76 Misc. Rep. 273; *Lantry* v. *Hoffman*, 55 Misc. Rep. 261; 124 App. Div. 937; *Morris* v. *City of New York*, 146 Misc. Rep. 36.) The owner had reserved the right to enter and repair the demised premises and, having failed to do so, is liable to plaintiff. (*Appel* v. *Muller*, 262 N. Y. 278; *Cullings* v. *Goetz*, 256 N. Y. 287.)

*Clarence S. Zipp, Daniel R. Harvey* and *Daniel Miner* for respondent. Defendant, having leased the premises in their entirety at a time prior to the accident, cannot be held liable for the happening thereof. (*Altz* v. *Leiberson*, 233 N. Y. 16; *Rohlfs* v. *Weil*, 271 N. Y. 444; *King* v. *Six Ninety & Two Realty Corp.*, 153 Misc. Rep. 619; *McGowan* v. *Morgan*, 160 App. Div. 588; *Miller* v. *Smith*, 248 App. Div. 762; *Cullings* v. *Goetz*, 256 N. Y. 287; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354; *Sacks* v. *Sunset Hill Realty Corp.*, 250 App. Div. 778; 276 N. Y. 668.) Reservation by defendant of the right to enter and make repairs did not constitute control by it. (*Lafredo* v. *Bush Terminal Co.*, 261 N. Y. 323; *Elefante* v. *Pizitz*, 182 App. Div. 819; 230 N. Y. 567.)

CRANE, Ch. J. The plaintiff operated a tailor shop in a store on premises No. 2304 Amsterdam avenue, in the city of New York. The building was a multiple dwelling within the meaning of section 4, subdivision 3, of the Multiple Dwelling Law (Cons. Laws, ch. 61-A). This was admitted by the pleadings. There were apartments above the store. There was a stairway immediately in front of the plaintiff's store window which led from the side-walk down to the basement. It was constructed entirely of wood. It was an exposed outside stairway, subject to the elements, and was used by the people in general, including the superintendent of the building, the iceman and other tradesmen.

On the 22d of June, 1934, the plaintiff, in descending this stairway to go from his store to the cellar or base-ment, fell on a defective step and was injured. The evidence shows that the step had been broken for some time and left in a defective condition. The defense to the action brought by the plaintiff against the owner, Leroco Realty Corporation, was that the owner was out of possession in that it had leased the entire premises to Hedwig Grenz by written lease February 1, 1934, for the period of two years, at a rental of $350 a month. The courts below have sustained the dismissal of the com-plaint upon this ground. We take a different view of the owner's responsibility and do not think that he can escape the obligations placed upon him by the Multiple Dwelling Law by making a lease of the entire building.

Section 78 reads as follows:

" § 78. Repairs. Every multiple dwelling and every part thereof shall be kept in good repair, and the roof shall be kept so as not to leak and all rain water shall be so drained and conveyed therefrom as to prevent its dripping to the ground or causing dampness in the walls, ceilings, yards or areas. The owner of such multiple dwelling shall be responsible for compliance with the

provisions of this section; but the tenant also shall be liable for every violation of the provisions of this section if such violation is caused by his own wilful act or negligence or that of any member of his household or his guest." (Cf. *Altz* v. *Leiberson*, 233 N. Y. 16.)

Section 325 of the Multiple Dwelling Law requires every owner of a multiple dwelling and every lessee of the whole house to file in the department charged with the enforcement of the law a notice containing his name and address and also a description of the property. In passing this law, it is evident that the one who drafted it had in mind the lessee of the whole building, and it may well be reasoned that when in the prior section the owner alone was made responsible for repairs, and nothing was said about the lessee, that the responsibility continued even after a lease had been made. If a lessee of an entire building was to be considered the owner, there would have been no occasion to add " every lessee of the whole house " in section 325. It may be that the lessee of the whole house, as well as the owner, is bound to keep the premises in repair. However this may be, the owner does not escape liability by making a lease. By leasing the premises to some irresponsible person, owners could very readily shift the burden and nullify the purposes of the law. By the lease in question the tenant agreed that the landlord should have the right to enter the premises at all reasonable hours for the purpose of examining the same and making such repairs and alterations as might be necessary for the safety thereof. The lease indicated that the owner in this case made no attempt to evade its responsibility.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.