LOREAN PHARM and WILLIAM PHARM, Plaintiffs, *v.* ROSE LITUCHY, EMIGRANT INDUSTRIAL SAVINGS BANK and BROWN WHEELOCK HARRIS STEVENS, INC., Defendants.

City Court of New York, Trial Term, Bronx County, February 6, 1939.

*Hamburger & Hamburger [Samuel T. Baker of counsel], for the plaintiffs.*

*Abraham J. Springer, for the defendant Rose Lituchy.*

*E. C. Sherwood [Ralph H. Terhune of counsel], for the defendants Emigrant Industrial Savings Bank and Brown Wheelock Harris Stevens, Inc.*

DONNELLY, J.   The action by the plaintiff Lorean Pharm is to recover for personal injuries sustained by her as the result of a part of the ceiling in the kitchen of her apartment falling upon her; her husband, William Pharm, sues to recover his medical expenses and the loss of his wife's services.

The accident happened on March 19, 1938, in an apartment in a multiple dwelling in which plaintiffs were tenants.   The premises in question, of which the defendant Emigrant Industrial Savings Bank was the owner, were conveyed by said defendant to the defendant Rose Lituchy on March 18, 1938.   On March 14, 1938, and, as the plaintiff William Pharm testified, " quite a while " before that date, the defendant bank and its agents Brown Wheelock Harris Stevens, Inc., had actual notice that the ceiling in question was cracked and in a dangerous condition; the portion of it which fell upon the injured plaintiff had been hanging over the sink at which plaintiff was standing at the time the accident happened. At the close of plaintiffs' case the complaint was dismissed against the defendant Rose Lituchy.   There was no evidence to show that she had notice of the defective condition of the ceiling before the accident.   She knew nothing of such condition before or at the time the premises were conveyed to her, or at the time the accident occurred.

The jury found in favor of the plaintiffs and against the two remaining defendants.   Decision on said defendants' motions to dismiss the complaint and to set aside the verdict was reserved.

The only question raised by defendants is: Can defendants, not being in possession of the premises at the time of the accident, be held liable therefor?   Their contention is that they may not be so held, for the reasons: (1) That the liability herein is purely

statutory (Multiple Dwelling Law, § 78); and (2) that at the time of the accident the defendant bank was not the owner of the premises, and its agents were not in control thereof.

The pertinent parts of section 78 of the Multiple Dwelling Law are: " Every multiple dwelling and every part thereof shall be kept in good repair  *  *  *.  The owner of such multiple dwelling shall be responsible for compliance with the provisions of this section."

At bar the defect in the ceiling arose and continued for at least a week and, in all likelihood, for more than a week before the defendant bank divested itself of title to the premises.  While the premises were in its possession, it did not comply with the mandate of the statute to keep the ceiling in good repair.  In *King* v. *Six Ninety and Two Realty Corp.* (153 Misc. 619) the Appellate Term in this department held that defendant, having parted with possession and control a year and a half before the condition complained of arose, was not the one contemplated in the statute when it imposed liability on the " owner " for ordinary repairs.  The lack of repair, on which the charge of negligent injury of the plaintiff was based, was a condition arising while one of the assignees of the rents was in possession.  It was there held that to construe the word " owner " otherwise than as the Appellate Term did, the statute must be held to mean that the owner of the fee is liable for a condition arising *after* he has divested himself of control and *an opportunity to repair*.  At bar the evidence amply sustains the finding of the jury that before the accident the owner had notice of the defective condition of the ceiling and abundant opportunity to repair it while it was in possession and control.

An examination of the record on appeal in the case of *Schechter* v. *Guaranty Trust Co. of New York* discloses that the facts therein are practically identical with those at bar.  The case was tried in the Manhattan division of this court before the court and a jury; the trial resulted in a verdict for plaintiff.  There the plaintiff, a tenant in a so-called multiple dwelling, was injured by a falling ceiling in the bathroom of her apartment at about one A. M. September 30, 1931.  The defendant Guaranty Trust Company conveyed the premises at four P. M. September 29, 1931.  The evidence showed that the ceiling in question had been cracked and broken a few weeks before the accident; notice of the defect was given to defendant's agent; no repair to remedy the defect was made, although there was ample opportunity on the part of the defendant to make the repair.  On the motion by defendant's counsel to set aside the verdict, the justice who presided at the trial said: " As to the question of divestment of title at the time of the happening

of the accident, there is no doubt in this case but that the defendant no longer was the owner of this property after four o'clock on the afternoon of September 29, 1931, and that thereafter at or about one o'clock in the morning of September 30, 1931, approximately eight or nine hours after the transfer of title, this accident is alleged to have happened, and I hold, as a matter of law, that where one charged with control of tenement house property has been given a reasonable opportunity to make necessary repairs of a defective condition, concerning which reasonable notice had been given to him, and the time in which those repairs should have been made had expired, from then on liability attaches against the party in control of the premises and charged with maintenance thereof, for any injury that may have occurred within a reasonable time thereafter — provided, of course, a reasonable inference could be drawn that the condition which caused the accident was a continuing one, and that the same would not have happened had the repair been made; and from those facts, and from the fact that the accident happened within so close a time of the transfer of title, a reasonable opportunity having expired, the proximate cause of this accident was the failure of the one in control to make the necessary repairs. Had the owner made the repairs within a reasonable time this accident would not have happened." From the judgment entered upon the jury's verdict, defendant appealed; the Appellate Term affirmed the judgment so appealed from, without opinion (*Schechter* v. *Guaranty Trust Co.*, N. Y. L. J. Jan. 9, 1937, p. 127).

Liability herein is predicated of the facts, *i. e.*, failure of the defendant bank to comply with the statutory mandate (Multiple Dwelling Law, § 78); notice to said defendant of the defective condition of the ceiling and said defendant's neglect to remedy that condition notwithstanding there was ample opportunity so to do; the brevity of the period between the time said defendant divested itself of title, possession and control and the time of the accident, showing the continuity of the defective condition and that the accident would not have happened had there been obedience of the duty to keep every part of the building in repair, and the absence of evidence tending to show that the new owner had knowledge of the defective condition.

Under the Multiple Dwelling Law, the liability of the owner to one injured because of a defective condition of the building, is not terminated when the owner parts with possession and control by leasing the entire building. In such a case the owner cannot escape the responsibility placed upon him by the statute, of keeping the building in repair. (*Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127.) At bar, the liability of the former owner to plaintiffs is not

dependent upon the relation of landlord and tenant between plaintiffs and the former owner. In *Kilmer* v. *White* (254 N. Y. 64, 70, 73) the accident to plaintiff happened three days after the owner of a three-story apartment house in which plaintiff was one of the tenants conveyed the premises. The former owner had notice long before the accident of the defective condition which caused the plaintiff's injury. It was there held that a vendor of land is liable for a dangerous condition causing injury if, at the time he conveys, he conceals such condition from his vendee. From a study of the court's opinion it is clear that "concealment," as there used, connotes failure to disclose a dangerous condition known to the vendor. The court said: " It is enough for the purposes of this case to hold that no liability on the part of the appellant has been established under the relation of landlord and tenant. Indeed it has been said with much force: ' The ground of liability upon the part of a landlord when he demises dangerous property, has nothing special to do with the relation of landlord and tenant. It is the ordinary case of liability for personal misfeasance, which runs through all the relations of individuals to each other ' (*Wilcox* v. *Hines*, 100 Tenn. 538, 549). Respondent had ceased to be the tenant of the appellant and had become the tenant of the vendee. \* \* \* If respondent is to recover, he must rely on the rules which govern the liability of one who sells land with dangerous conditions existing thereon at the time of the transfer."

Defendants' motions to dismiss the complaint and to set aside the verdict of the jury are denied, with an exception in each instance. Ten days' stay after notice of entry of judgment.