LUCY BECKER, Respondent, *v.* MANUFACTURERS TRUST COMPANY, Appellant, and MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Defendant.

First Department, October 31, 1941.

*James I. McGuire* of counsel [*James A. Hughes*, attorney], for the appellant.

*Emanuel Mehl*, for the respondent.

CALLAHAN, J. Plaintiff's son subleased a store at Rockaway Beach, New York city, from one Sweet, who was the tenant of the whole building in which said store was located. The building was a two-story structure, on the ground floor of which there were four stores facing the boardwalk, and on the second floor numerous sleeping rooms. The premises accordingly came within the definition of a multiple dwelling. (Multiple Dwelling Law, § 4.)

Sweet had leased the premises from the Mortgage Commission Realty Corporation in February, 1938, for a period to end October 31, 1939. Prior to the accident in question, which occurred on July 10, 1938, title to the fee had been conveyed to the appellant, subject to existing tenancies.

After entering into possession plaintiff's son erected a canvas partition in the store, separating the front part from the rear. The front portion was used for the customary concession purposes, and the rear was used as living quarters.

On July 10, 1938, while plaintiff was going to a toilet in the rear of the premises, a portion of the ceiling fell and struck her on the head, causing her to suffer physical injuries.

Plaintiff brought this action for damages against the owner, availing herself of the provisions of section 78 of the Multiple Dwelling Law, which provide that every portion of such premises shall be kept in good repair, and that the owner shall be responsible for failure to comply with the provisions of the section. Recognizing, however, that notice of a dangerous condition was an essential element of liability on the part of defendant owner, plaintiff proceeded upon the trial solely on the theory of actual notice. No claim of constructive notice was asserted.

The trial court, in its charge to the jury, made no reference to the rules concerning constructive notice, but referred to the only proof of actual notice contained in the evidence, to wit, actual notice alleged to have been given by plaintiff's son to his landlord, Mr. Sweet, concerning the condition of the ceiling. The court charged the jury that, as a matter of law, if they found notice had been given to Mr. Sweet, such notice was notice to defendant as the owner of the premises as well. He stated that it was not

essential to give direct notice to the owner, but that notice to a tenant, who was in possession and control, was sufficient in law.

We think this charge was erroneous. Mr. Sweet, the tenant, was not the agent of the defendant owner, and notice to Sweet of a state of disrepair was not notice to said defendant. A lease is a grant or devise of real property, usually for a term of years, with a reversion to the grantor. It creates rights and liabilities as between the parties thereto entirely inconsistent with any theory of agency in so far as liability for torts is concerned. (1 Mechem on Agency [2d ed.], § 52.) In the absence of some express stipulation in the lease or some statutory provision concerning the matter, it is clear that the lessee would not be the agent of the owner for the purpose of receiving actual notice of a dangerous condition.

No claim is made that the present lease contains any provision referring to the subject, nor does the Multiple Dwelling Law indicate that the tenant is the agent of the owner for the purpose mentioned. While section 78 of the Multiple Dwelling Law creates liability on the part of the owner, and a lease of the whole premises does not relieve him of this liability (*Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127), it is clear that an essential element of liability under the statute is notice of the defect. (*Altz* v. *Leiberson*, 233 N. Y. 16.) Where, as here, the plaintiff relies on actual notice as a basis of the owner's liability, mere proof of notice to a lessee would not suffice to constitute notice to the owner.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs to the defendant-appellant in all courts.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court unanimously reversed and the complaint dismissed, with costs to the defendant-appellant in all courts.