PAULINE TKACH and MICHAEL TKACH, Respondents, *v.* MONTE-FIORE HOSPITAL FOR CHRONIC DISEASES, Appellant, and M. N. HURWITZ, INC., Defendant, by Way of Original Summons, and MEYER HURWITZ, Impleaded Defendant, by Way of Supplemental Summons.

First Department, May 8, 1942.

*E. J. Roberts* of counsel [*E. C. Sherwood,* attorney], for the appellant.

*Joseph L. Rudell,* for the respondents.

DORE, J. Under section 78 of the Multiple Dwelling Law, the owner of a multiple dwelling is responsible for compliance with the requirement to keep such dwelling and every part thereof in good repair notwithstanding that the owner has leased the entire building. (*Weiner* v. *Leroco Realty Corp.,* 279 N. Y. 127, 130; Multiple Dwelling Law, § 78.) In the *Weiner* case (*supra*) the Court of Appeals said: " By leasing the ' premises to some irresponsible person, owners could very readily shift the burden and nullify the purposes of the law." In *Becker* v. *Manufacturers Trust Co.* (262 App. Div. 525) this court merely held that the charge of the trial court in that case, instructing the jury as a matter of law that actual notice to the lessee was actual notice to the owner, was error. In the case at bar the lease expressly permitted the owner to enter the premises at all times, to examine the same and make repairs, alterations or improvements. Unlike the *Becker* case, constructive, not actual, notice to the owner is here claimed.

The testimony showed report of the dangerous condition three months before the accident. The owner's representative testified that for at least six months prior to the accident the owner had nothing whatsoever to do with the property. The case was tried by the court without a jury. Under all the facts disclosed, we think the trial court could properly find that the owner had received constructive notice. After the dangerous condition was reported to the lessee, the owner allowed three months to go by without having any contact with or any supervision whatever of the premises.

The determination of the Appellate Term should be affirmed, with costs and disbursements.

CALLAHAN, J., concurs; concurring memorandum by UNTERMYER, J.; MARTIN, P. J., and COHN, J., dissent and vote to reverse the determination of the Appellate Term, and the judgment of the City Court so far as appealed from, and to dismiss the complaint; dissenting opinion by COHN, J.

UNTERMYER, J. (concurring). I concur on the ground that under the statute (Multiple Dwell. Law, § 78) the owner is liable for the dereliction of his lessee in failing to make proper repairs after reasonable notice to the lessee.

COHN, J. (dissenting). Respondent Pauline Tkach has recovered a judgment in the City Court of the City of New York against appellant for injuries sustained on March 23, 1939, by plaster falling from the ceiling in the kitchen of her apartment in appellant's multiple dwelling. Her husband, the other respondent, also obtained a judgment in the same action for loss of his wife's services. On November 30, 1937, appellant, Montefiore Hospital for Chronic Diseases, leased the entire building to the impleaded defendant, Meyer Hurwitz. This lease was in effect on the date of the accident. Two or three months before the occurrence of the accident, both respondents had complained of the defective ceiling to the superintendent of the building and to an agent for the premises. Concededly, these men were agents of the lessee, Meyer Hurwitz, and not of appellant.

Appellant urges that a recovery against it was not warranted because there was no evidence of notice to it, either actual or constructive, that the ceiling of respondents' apartment was in a defective condition.

It is now the law that a lease of the entire premises does not relieve the owner of his liability to keep in good repair every portion of his building as provided by section 78 of the Multiple Dwelling Law. (*Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127.) However, before a recovery may be had from the landlord for failure to keep and maintain respondents' apartment, including the ceiling, in a reasonably safe condition, there must be proof of notice, actual or constructive, of the dangerous condition and a reasonable opportunity afforded thereafter to make the necessary repairs. (*Altz* v. *Leiberson*, 233 N. Y. 16; *Eckert* v. *Reichardt*, 243 id. 72; *Aubry* v. *Ashland Realty Co., Inc.*, 255 App. Div. 205, 208.)

Where, as here, actual notice of the defective condition is given to a tenant of an entire building in possession under a lease, that does not constitute notice to the owner of the building who is not in possession. This court has so held. (*Becker* v. *Manufacturers Trust Co.*, 262 App. Div. 525.) Moreover, the existence for several

months of a defect in a subtenant's apartment cannot be regarded as constructive notice to the owner, where the subtenant's apartment is not within the owner's exclusive control and not open to inspection by it.

In *Weiner* v. *Leroco Realty Corp.* (*supra*) the dangerous condition existed upon an outside stairway which was used in common by the tenants and others, and which was available for examination by the owner as well as its lessee. The evidence there showed that the defect in the common stairway had existed for some time prior to the accident. There was in the *Leroco* case constructive notice because the defect existed in a common way open to inspection by the owner. In this case, however, there is no evidence that any representative of appellant had ever been notified of any defect in the ceiling before the accident or that appellant or its agents had ever been in respondents' apartment before its occurrence; nor was there any showing of constructive notice. Accordingly, there is no basis for a recovery by respondents against appellant.

The determination of the Appellate Term, and the judgment of the City Court, so far as appealed from, should be reversed and the complaint dismissed.

MARTIN, P. J., concurs.

Determination affirmed, with costs and disbursements.