Darius Babba, Jr., an Infant, by Darius Babba, His Guardian ad Litem, et al., Respondents, v. The Yonkers National Bank and Trust Company, Appellant.—

(*Altz* v. *Leiberson,* 233 N. Y. 16.) Lazansky, P. J., Johnston, Adel and Close, JJ., concur; Taylor, J., dissents and votes to reverse the judgment and to dismiss the complaint with the following memorandum: The alleged liability of the landlord-defendant for injuries sustained by the infant plaintiff by reason of the fall of a ceiling within the apartment did not exist at common law. (*Altz* v. *Leiberson,* 233 N. Y. 16.) The question is whether a provision of the Yonkers Building

Code, section 46, efficiently imposed such liability. I think not. Section 46 reads: "REPAIRS TO TENEMENT HOUSES: Every tenement house and all the parts thereof shall be kept in good repair, and the roof shall be kept so as not to leak, and all rain water shall be so drained and conveyed therefrom as to prevent its dripping onto the ground or causing dampness in the walls, ceilings, yards or areas." Its language is the same as that of section 102 of the Tenement House Law (Cons. Laws, ch. 61), which statute was superseded as to the City of New York by the Multiple Dwelling Law (Cons. Laws, ch. 61-a), but is still in effect in cities of the first class outside the City of New York, of which Yonkers, a second class city, is not one. *Altz* v. *Leiberson* (*supra*), upon which my learned colleagues rely, in my opinion is not authority for affirmance here. The court there, after stating that the Tenement House Law had changed the measure of the landlord's burden (p. 17), wrote (p. 18): "The command of the statute, directed, as it plainly is, against the owner (cf. sections 76, 103, 104, 140) has thus changed the ancient rule." The several sections last mentioned impose obligations expressly upon the owner; and as section 102 did not expressly impose the duty of compliance on the owner, the court by resort to those other sections in effect found that section 102 also was directed against the owner. Section 46 of the Yonkers Building Code is not expressly directed against any one and an implication of a direction against the owner may not be read into it, because of the absence from the code of other sections analagous to those upon which the highest court based its relevant ruling in *Altz* v. *Leiberson*. As section 46 of the Building Code purports to change a common-law rule, it cannot be given an effect beyond its terms, express or implied. "Rules of the common law are to be no further abrogated than the clear import of the language used in the statute absolutely requires." (Crane, J., in *Transit Comm.* v. *Long Island R. R. Co.*, 25 N. Y. 345, at p. 355, citing *Bertles* v. *Nunan*, 92 N. Y. 152, 158.) Although appellant does not expressly raise this point in its brief, we are entitled to rule upon it for same was raised by it on the trial in a colloquy (record, fols. 230-235) and by exception to the court's charge (fols. 302-303; 318). Therefore, the point is not to be deemed to be waived. (*Galloway* v. *Erie Railroad Co.*, 116 App. Div. 777, 780; affd., on opinion below, 192 N. Y. 545.)