PAULINE TKACH et al., Respondents, v. MONTEFIORE HOSPITAL FOR CHRONIC DISEASES, Appellant, Impleaded with Others.

Argued October 27, 1942; decided January 14, 1943.

*H. H. Brown, E. J. Roberts* and *E. C. Sherwood* for appellant. There is no evidence that the defendant hospital had notice, either actual or constructive, of any defect in the plaintiffs' apartment. The complaint should, therefore, have been dismissed. (*Altz* v. *Leiberson*, 233 N. Y. 16; *Costagliola* v. *Home Owners Loan Corp.*, 35 Fed. Supp. 930; *Eckert* v. *Reichardt*, 243 N. Y. 72; *Aubry* v. *Ashland Realty Co.*, 255 App. Div. 205; *Norton* v. *Wiswall*, 26 Barb. 618; *Becker* v. *Manufacturers Trust Co.*, 262 App. Div. 525; *Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127.)

*Joseph L. Rudell* for respondents. The owner of a multiple dwelling cannot divest itself of its statutory duty to keep its premises in good repair by a lease of the entire premises to another. (*Altz* v. *Leiberson*, 233 N. Y. 16; *Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127.) The defendant-appellant had constructive notice of the defective ceiling in the apartment of the plaintiffs. The existence of the defect for about three months together with the knowledge thereof by the superintendent of the building living on the premises, afforded the owner-lessor ample opportunity to learn of it by the exercise of ordinary diligence. (*Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127.)

DESMOND, J. Plaintiffs, wife and husband, sued Montefiore Hospital because of personal injuries suffered by the wife when she was struck by falling plaster in an apartment rented to and occupied by plaintiffs in a multiple dwelling owned by the Hospital. The Hospital impleaded defendant Hurwitz, lessee from it of the whole apartment building. Judgment went for plaintiffs against the Hospital and in favor of the Hospital against Hurwitz. Only the Hospital has appealed. The lease from the Hospital to Hurwitz of the whole building required tenant Hurwitz to keep the property in repair. It gave the landlord the right at any time to enter and examine the premises, it being covenanted therein, however, that

this provision did not obligate the landlord to make any repairs. Plaintiffs produced evidence that the injuries to the wife were caused by falling plaster in the apartment kitchen, and that, some time before the accident, plaintiffs had reported the defective condition of the plaster to lessee's agent, who did nothing about it. The only testimony for the defense was as to the terms of the lease from the Hospital to Hurwitz and as to the fact that the owner had no employees at the property.

Section 78 of the Multiple Dwelling Law (Cons. Laws, ch. 61-A) commands that " every multiple dwelling and every part thereof shall be kept in good repair." It makes the owner " responsible for compliance " with its provisions but imposes liability on the tenant also for any violation caused by the tenant's " wilful act or negligence." In the Appellate Division two of the three justices who voted for affirmance concurred in an opinion which said that the facts of this case justified a finding of constructive notice to the owner; a third justice concurred for affirmance on the ground that the statute makes the owner " liable for the dereliction of his lessee in failing to make proper repairs after reasonable notice to the lessee." (264 App. Div. 135, 137). The justices who voted for reversal were of the opinion that, while a lease of a whole building does not relieve the owner of his statutory duty to keep the building in repair, nevertheless, they wrote, there must be, to hold the landlord for damages, proof of notice to the landlord " actual or constructive, of the dangerous condition and a reasonable opportunity afforded thereafter to make the necessary repairs." The minority opinion cites *Altz* v. *Leiberson* (233 N. Y. 16) and *Becker* v. *Manufacturers Trust Co.* (262 App. Div. 525). In the *Altz* case there was proof of actual notice to the landlord. In the *Becker* case " no claim of constructive notice [to the landlord] was asserted," (p. 526) but the court held that actual notice to the lessee of the whole building was not actual notice to the landlord.

The question now to be answered is this: may a long-continued existence of a dangerous condition, actually known to the lessee of the whole building, justify a finding of constructive notice to the landlord who, absenting himself from the premises, and failing to avail himself of his contractual right of access to the apartments, remains in ignorance of a dangerous condition inside an

apartment? A negative answer to that question would, we think, in large part defeat the purposes of section 78.

In *Weiner v. Leroco Realty Co.* (279 N. Y. 127, 130) the opinion, after reminding us that section 78 makes liable the tenant as well as the owner, points out that the word " tenant " includes a lessee of the whole building and that, unless an owner is to remain liable despite a lease of the whole building, such an owner, by leasing the house to an irresponsible person, " could very readily shift the burden and nullify the purposes of the law." By the terms of the lease in *Weiner* v. *Leroco Realty Co.* (*supra*), as by the terms of the lease before us in the present case, the owner was allowed entry to the interior of the apartments. Although the defective part of the building, in the *Weiner* case, was a stairway leading from the front sidewalk down into the building, the reasoning of that opinion is not without application here. We see no reason why the rule there laid down should not be available here to charge the landlord with constructive notice of defects in all those parts of the building into which, by authority of the written lease, he may enter. We need not now decide whether liability might also be imposed, on the theory of constructive notice, in a case where the landlord has not reserved the right to enter, inspect and repair, or whether, in this case liability might be imposed on any theory other than the one here applied.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment affirmed.