HARRY FISHER et al., Landlords, *v.* WILLIAM BENJAMIN, Tenant.

Municipal Court of New York, Borough of Brooklyn, April 27, 1944.

*Rubinton & Coleman* for landlords.

*A. David Benjamin* for tenant.

WINTER, P. J. In this proceeding to dispossess the tenant for nonpayment of rent, the tenant has counterclaimed for his damages incurred from the landlords' failure to paint the premises. In the language of the Rent Regulation of the Office of Price Administration, the landlords failed to "provide * * * the same essential services * * * as those provided on the date determining the maximum rent." (8 Fed. Reg. 13915.) The landlords have objected to the tenant's testimony of his payment of fifty dollars for necessarily painting the premises and have moved to dismiss the counterclaim. Although the landlords have admittedly decreased the minimum services and have failed to paint the premises, they contend that they are nevertheless entitled to receive the maximum rent sued for. They contend that this right is subject only to a refund to the tenant of any amount in excess of the maximum rent which

may later be fixed by any order of the Office of the Price Administrator decreasing the maximum rent on account of such decreased services.

There is no dispute here that the maximum rent established by the Regulation is the sum of sixty dollars per month sued for. This the tenant has refused to pay, so that under subdivision (a) of section 6, the landlords are entitled to possession of the premises and are also entitled to a judgment for that amount unless the tenant, by reason of his counterclaim, may decrease the recovery by offsetting his payment of fifty dollars for painting the premises.

In my opinion the defendant's counterclaim is not valid and he cannot diminish the amount that the landlords should receive by a counterclaim here for the cost to him of the decreased services. That, in effect, would be an adjustment in the rent by a judgment of this court.

Tenant's counterclaim for the painting arises out of the affirmative duty imposed on the landlord by section 3 of the Office of Price Administration Regulation to provide the tenant with " the same essential services, furniture, furnishings and equipment as those provided on the date determining the maximum rent." That duty, however, is not absolute, but is subject to the adjustments provided by section 5 for increases or decreases in maximum rents and minimum services upon the petition of the landlords. In this connection paragraph (3) of subdivision (b) of section 5 provides: " If the landlord fails to file the petition or report * * * or decreases the services * * * without an order authorizing such decrease where such order is required, the rent received by the landlord for any rental period commencing on or after such decrease or November 1, 1943, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by any order decreasing the maximum rent on account of such decrease in services, * * * *."

At common law there is no duty resting on the landlord of an apartment house to paint or repair the rooms demised and unless that duty is assumed by the landlord in his lease or is imposed upon him by legislative enactment the tenant has no recourse against the landlord for damages. (*Altz* v. *Lieberson*, 233 N. Y. 16.)

The Rent Regulation for Housing in the New York City Defense-Rental Area promulgated by the Office of Price Administration (8 Fed. Reg. 13914 *et seq.*) has the effect of legislation

and controls this situation to the same extent as would an enactment of the State Legislature.

The Emergency Price ·Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) has empowered the Price Administrator to establish any maximum rent for any defense-area housing accommodations, and in doing so to make adjustments for relevant factors and in connection therewith to prescribe regulations and orders establishing maximum rent.

It seems clear to me from this that the Regulation promulgated by the Office of Price Administration under this Act has suspended the power of this court to adjust rents by·offsets and counterclaims based on decreases in services, particularly when the machinery for that adjustment has been provided by this Regulation.·

I, therefore, find that the tenant is not entitled to a recovery or an offset in this proceeding for the moneys paid by him for painting the premises, and that the landlords are entitled to receive the maximum rent of sixty dollars. I have not considered the question as to whether or not painting is an essential service under this Regulation, as it was not argued by either party before me.