Benjamin Brenner, J.
About a month after plaintiff had strung a clothesline from her multiple dAvelling apartment (the *498 premises were then owned and also occupied by this defendant for about three months), she fell several floors as she stood at her window hanging clothes upon that line. On the credible evidence I find the mishap was causally due to a defective and loosened window frame in which a hoolc had been fastened and which came away from the brick Avail while the clothes were being hung. The defendant acknowledges permissive use of the hook for tenant’s placement of a pulley and a clothesline thereon leading to a clothes pole but denies control thereof or knowledge that the frame was defective.
The enactment of what is now section 78 of the Multiple Dwelling Law has changed common-law nonliability for the landlord’s failure to repair portions of the premises not under his control (Golob v. Pasinsky, 178 N. Y. 458) and under the statute the OAvner of a multiple dwelling must now keep every part of such multiple dwelling in good repair (Altz v. Leiberson, 233 N. Y. 16, affg. 191 App. Div. 888).
Accepting defendant’s disclaimer of control of the window frame and hook, these are nonetheless necessary appurtenances of the washline facility admittedly offered to plaintiff. Certainly the window itself is part of the multiple dwelling (Weiss v. Wattach, 256 App. Div. 354) and it may fairly be argued that a window frame to which a clothesline is attached in a multiple dwelling is not only included in the dwelling unit but is as necessary therein as are other facilities.
However, notice, actual or constructive, is still essential for recovery under the statute (Altz v. Leiberson, supra, p. 17). I find the defendant’s testimony to be credible that no actual notice of the defective condition of the window frame was given to her and as constructive knoAvledge will suffice, it is necessary to determine what constitutes constructive knowledge as to the portions of the premises not in the control of the owner. It should be borne in mind that we are not dealing here with parts of a multiple dwelling used in common, such as a clothes pole in the yard of a multiple dwelling where control is unquestioned and the existence of a defect for a period of a month would appear to be quite adequate to cast the OAvner in liability for a failure to repair.
Confining the problem to constructive knoAvledge of a defect of the Avindow frame in a noncontrolled part of the building, as to which there is no common use, I note that in Tkach v. Montefiore Hosp. (289 N. Y. 387) the court laid down a rule which relates constructive notice to the right of entry in a ease where a lease was in effect, saying at page 390: “We see no *499 reason why the rule # * * should not be available here to charge the landlord with constructive notice of defects in all those parts of the building into which, by authority of the written lease, he may enter. ’ ’ But in the case at bar there is no evidence of the existence of a lease and in the Tkach case (supra, p. 390) the matter was left unresolved where the right to enter is not reserved.
Indeed, my research of the cases subsequently decided fails to disclose that any court has squarely faced the problem of constructive notice as to a defect in the part of the premises not controlled by the landlord where there is no specific reservation of the right to enter and inspect by the landlord. However, if the test of the duty to inspect is equated with his right to enter, it would appear that the reservation in a lease of a specific right to enter the premises should not be controlling, since the right of the landlord to enter in order to inspect, regardless of any specific reservation of this right, appears to be clear in certain situations. Thus, under section 5 (subd. 1, par. [f]) of the Emergency Housing Bent Control Law (L. 1946, ch. 274, as amd.) the landlord may evict a tenant in a rent-controlled apartment where the tenant has unreasonably refused the landlord access ‘ ‘ for the purpose of making necessary repairs or improvements required by law or for the purpose of inspection”. (Emphasis supplied.) It would therefore appear that at least in a rent-controlled apartment regardless of the landlord’s specific reservation of the right to enter to inspect, he, in effect, possesses that right. And, as the landlord has the obligation under section 78 of the Multiple Dwelling Law to see that all parts of the dwelling are kept in good repair, including those not in his control, it should reasonably follow that he has the duty to make an inspection to see whether he is conforming with the law and should therefore seek the tenant’s permission to make the inspection where he does not have the right to enter the apartment by virtue of lease or rent law provisions.
However, such duty only requires inspections at reasonable intervals even as to those portions of the premises which remain in the control of the landlord. (Tuttle v. Gold, 3 A D 2d 760.) It is difficult, if not unjust, to find here that the failure of this defendant to make an inspection of the window frame, not under her control, within a month after she had permitted plaintiff to install the clothesline, was such a reasonable interval or a failure of sufficient duration to constitute constructive knowledge of the defect, for it is not denied that the premises had only *500 been owned and occupied by the defendant herself for a total period of about two months prior to such installation. (Fish v. Estate of McCarthy, 224 App. Div. 160.)
It is thus my conclusion that plaintiff has not established her burden of proof of actionable negligence and that the defendant is entitled to judgment dismissing the complaint.