(December 8, 1987)

■ JEANNIE FISCHER et al., Plaintiffs, v BATTERY BUILDING MAINTENANCE Co., Respondent, and SARWYN REALTY COMPANY, Appellant.—Order, Supreme Court, New York County (Carmen Ciparick, J.), entered on or about June 25, 1987, denying defendant Sarwyn Realty Company (hereinafter Sarwyn) summary judgment dismissing the complaint and dismissing the cross complaint of codefendant Battery Building Maintenance Co. (hereinafter BBM), unanimously reversed on the law, without costs, and the motion for summary judgment granted.

The underlying action seeks recovery for personal injuries sustained by plaintiff Jeannie Fischer, who allegedly slipped on a floor maintained by defendant BBM in a building owned by codefendant Sarwyn. Plaintiff alleged that her slip and fall resulted from the negligent manner in which BBM washed and polished the floor. Both actual and constructive notice are alleged. In its cross complaint BBM sought contribution and indemnification against Sarwyn. Sarwyn likewise cross-claimed for indemnification and contribution from BBM.

Sarwyn moved for summary judgment dismissing the complaint and BBM's cross complaint, arguing that it was not liable to Fischer for the acts of an independent contractor and that no proof of notice of the condition existed. BBM opposed

the motion in an affirmation submitted by counsel which suggested the possibility that the type of flooring in the area of the accident "was a type of floor material especially likely to become slippery when wet." Plaintiff did not file opposition papers. In denying the motion, the motion court stated that "although there is no evidence that the defendant landlord had actual notice of the alleged dangerous condition of the floor, its right to re-enter and its control of the hallways is sufficient to possibly charge it with constructive notice." (Citing *Tkach v Montefiore Hosp.*, 289 NY 387, 390 [1943].) In light of what it considered "multiple issues of fact," the court denied summary judgment.

The undisputed evidence establishes that BBM was an independent contractor, a finding made by the motion court. A person who engages an independent contractor is generally not held liable for the latter's negligent performance *(Berg v Parsons*, 156 NY 109 [1898]). Exceptions relevant to the case at bar are where the employer interferes with and assumes control over the work, or where the work is inherently dangerous *(see, Horn v State of New York*, 31 AD2d 364, 366 [3d Dept 1969]; *see also, Guyot v Al Charyn, Inc.*, 69 AD2d 79, 84 [1st Dept 1979]). The deposition testimony elicited from BBM employee Morris Howell and Sarwyn employee Greg Maloof revealed that Sarwyn did not direct, supervise or control BBM's work and that a BBM supervisory employee had responsibility for inspecting the completed work. No view of the facts supports a conclusion that cleaning and waxing the floors constituted an inherently dangerous activity.

The law is well settled that "for a landlord to be held liable for a defective condition on the premises he must have actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, he should have corrected it". *(Payless Discount Centers v 25-29 N. Broadway Corp.*, 83 AD2d 960, 961 [2d Dept 1981]; *Putnam v Stout*, 38 NY2d 607 [1976].) The motion court found no evidence that Sarwyn had actual notice of any dangerous condition created by BBM's actions. Therefore, it could only be held liable, if at all, if it had constructive notice. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it". *(Gordon v American Museum*, 67 NY2d 836, 837 [1986].)

An owner's right to reenter and control the premises alone, in the absence of a showing that the defective condition was visible and longstanding, does not raise an issue of fact on the

existence of constructive notice. *(See, e.g., Gordon v American Museum, supra.) Tkach v Montefiore Hosp.* (289 NY 387, *supra),* cited by the motion court, is not to the contrary. There, the long-continued existence of a dangerous condition, actually known to the lessee, justified a finding of constructive notice to the landlord where the latter failed to avail himself of his right of entry and remained ignorant of the long-standing dangerous condition in the apartment. In the instant case the allegedly dangerous condition of the floor did not exist for a sufficient length of time prior to the accident for Sarwyn to have constructive notice of it. Deposition testimony revealed that just a few minutes elapsed from the time plaintiff observed the BBM employee working on the floor until she slipped and fell while exiting the ladies' room.

While Sarwyn has met its burden of presenting evidentiary facts which establish its defense sufficiently to warrant summary judgment as a matter of law, BBM has failed to meet its burden in opposition (CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979]; *Borchardt v New York Life Ins. Co.,* 102 AD2d 465 [1st Dept 1984], *affd* 63 NY2d 1000 [1984]). BBM's affirmation in opposition, which is made by a person without personal knowledge of the facts, lacks supporting documentation, and contains conclusory allegations of fact, and is thus insufficient to defeat Sarwyn's summary judgment motion *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260 [1977]; *Borchardt v New York Life Ins. Co., supra,* at 467).

It should be noted that BBM does not oppose this appeal. In the absence of a showing of actual or constructive notice to Sarwyn, and the failure to raise a triable issue of fact on Sarwyn's liability, summary judgment should have been granted dismissing the complaint and cross complaint. Concur —Murphy, P. J., Kupferman, Sandler, Kassal and Smith, JJ.