■ MARIA E. ARMAND, Respondent, v LEEMILT'S PETROLEUM, INC., Respondent and Third-Party Plaintiff-Respondent, and GETTY PETROLEUM CORPORATION, Appellant and Third-Party Plaintiff-Appellant. FAMOUS AMERICAN BAKERY & DAIRY FARM STORES et al., Third-Party Defendants-Respondents.—Order and judgment (one paper), Supreme Court, Bronx County (Anita Florio, J.), entered April 6, 1990, which, *inter alia,* denied the cross-motion of defendant Getty Petroleum Corporation ("Getty") for summary judgment dismissing the complaint, pursuant to CPLR 3212, unanimously affirmed, without costs.

Plaintiff, Maria Elena Armand, an employee of third-party defendant Famous American Bakery & Dairy Farm Stores ("Famous American Bakery") brought this personal injury action to recover damages for injuries sustained on or about July 31, 1986, when her hand went through a plate glass window of a gas station office located at 600 Pelham Parkway in the Bronx.

Defendant Leemilt's Petroleum, Inc. ("Leemilt's") is the fee holder of said premises, which it leases to defendant Getty. In turn, Getty leases and franchises the premises to third-party defendants Famous American Bakery and Patrick Deiorio pursuant to a retail gasoline station lease agreement entered into on April 1, 1986.

The accident in issue occurred when plaintiff fell near the curb of the gasoline station portion of the premises and, as she attempted to break her fall, pushed her right hand through the window of the gasoline station attendant's office. In her bill of particulars, plaintiff asserted, *inter alia,* that the sidewalk in the area of the accident was "broken, cracked,

chipped, worn, holey, raised, uneven, dilapidated, depressed and otherwise dangerous and hazardous", and that it contained "foreign substances and substances of an oily and/or slippery nature".

Defendant Leemilt's moved for, and was granted, summary judgment on the ground that its lease agreement with Getty established the absence on its part of any operation, control or maintenance of the premises. This determination is not challenged on appeal.

Defendant Getty cross-moved for like relief, asserting that it had no involvement in the day-to-day operation of the premises. An examination of the lease agreement between Getty and the third-party defendants, however, establishes the existence of triable issues of fact stemming from this defendant's retention of control over the maintenance of the property, as well as its right of re-entry. Under Paragraph 13 of the lease agreement, for example, Getty is obligated to "make structural repairs deemed necessary by it to keep the building in operating condition, provided that repairs are due to ordinary wear or to damage by the elements". Pursuant to Paragraph 14 of the lease, Getty may enter its lessees' premises in order to undertake any repairs neglected by the lessees, including those to "adjacent sidewalks, curbs and driveways", which areas must also be kept "free of trash, junk and debris". In addition, Getty also has the right to re-enter the premises, under Paragraph 17 of the lease, for the purpose of examining and inspecting.

In light of the aforenoted terms of the lease agreement, the IAS part properly denied summary judgment. As the Court of Appeals held in *Guzman v Haven Plaza Hous. Dev. Fund Co.* (69 NY2d 559), when a landlord who is out of possession retains a right under the lease of re-entry to the premises, liability may be imposed, and it may be imposed irrespective of notice, since constructive notice is charged in such circumstances. *(See also, Tkach v Montefiore Hosp.,* 289 NY 387, 390; *Worth Distribs. v Latham,* 59 NY2d 231, 238.)* Here, the issues of fact which must be resolved at trial include the nature and degree of Getty's obligations to repair and/or inspect the conditions alleged by plaintiff to have caused her fall. Concur —Rosenberger, J. P., Kupferman, Kassal and Rubin, JJ.