■ Mansuru Bala, Appellant, v Target Corporation et al., Defendants, and Macy's et al., Respondents. (And Other Actions.) [881 NYS2d 412]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 8, 2008, which, to the extent appealed from, as limited by the briefs, granted defendants Macy's East (Macy's) and Ibex Construction, LLC's (IBEX) motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The motion court correctly determined that Macy's, the owner of the property, hired an independent contractor to perform the work at issue and was not, as a matter of law, liable for the negligent act, if any, of its independent contractor (*see e.g. Fischer v Battery Bldg. Maintenance Co.*, 135 AD2d 378, 379 [1987]). The contentions cited by plaintiff in opposition are unavailing. The hazardous condition did not exist long enough for Macy's to have had actual or constructive notice of it. Moreover, the record does not indicate that Macy's was aware of a dangerous or deteriorating condition requiring it to inspect the premises (*see Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500 [2007], *lv denied* 9 NY3d 809 [2007]).

Insofar as plaintiff claims that the action against IBEX should not be barred by the statute of limitations through application of the relation back doctrine, plaintiff has not adduced any evidence to show a unity of interest between Macy's and IBEX such that Macy's would be vicariously liable for the acts of IBEX (*see e.g. Raschel v Rish*, 69 NY2d 694, 697 [1986]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.